SMITH v. LAFAR, CHIEF CONSTABLE.

1. PLEADINGS—STRIKING OUT—DAMAGES—DISPENSARY LAW—DISPENSARY CONSTABLE—REPUTATION.—In suit against a dispensary constable for punitive damages for wilfully seizing whiskey in transit, he may allege and prove under general denial, which puts in issue whether the seizure was unlawful, or the whiskey in transit, that the plaintiff was at time of seizure engaged in the illicit sale of whiskey, and had the reputation in the community of an illicit dealer in

liquors, and allegations of such facts in the answer will not be stricken out on motion as irrelevant.

2. LIQUORS — DAMAGES — INTERSTATE COMMERCE LAW — DISPENSARY LAW.—Liquors shipped from one State to another by express is in transit while in possession of express company, and an action lies against a dispensary constable individually for wilful and malicious seizure of liquor in transit shipped for personal use—the provision in the dispensary law not being an exclusive remedy for such seizure, and sec. 600 of Criminal Code, 1902, does not prohibit such action.

Before WATTS, J., Greenville, November, 1902. Reversed.

Action by Calvin Smith against S. G. Lafar, chief State constable. From order dismissing the complaint, the plaintiff appeals.

*Messrs. Oscar K. Mauldin* and *Oscar Hodges,* for appellant, cite: *Whiskey seized was in transit:* 170 U. S., 438, 412; 55 S. C., 207. *As to what are irrelevant allegations:* Pom. Code Rem., sec. 551; 50 S. C., 54; 60 S. C., 381. *Statutory remedy does not abrogate the old:* 23 Ency., 1 ed., 393.

*Messrs. Heyward, Deane & Earle,* contra.

November 27, 1903. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff in his complaint alleges the shipment by express to him from Statesville, N. C., to Greenville, S. C., of one gallon of corn whiskey, purchased in Statesville exclusively for his own personal use, and the malicious, wilful and unlawful seizure from the express company of the whiskey by the defendant, a dispensary constable; that he gave the defendant full notice before the seizure, that the whiskey had been purchased in Statesville, N. C., and was intended for his own personal use; that he was damaged by said seizure to the amount of five hundred

dollars. The answer denies the whiskey was purchased in Statesville or shipped therefrom, or that it was intended for personal use, or that plaintiff notified him that it was so intended, and that it had been purchased in Statesville or shipped therefrom, or that the plaintiff had been damaged. The denial of the eighth paragraph of the complaint, which alleges the notice above referred to, is somewhat irregular in form, but its sufficiency is not now before the Court. No direct reference is made in the answer to the seventh paragraph of the complaint, in which defendant is charged with wilful, malicious and unlawful seizure, but the third paragraph of the answer contains the following: "Further answering, defendant alleges: That if liquor was seized in transit to plaintiff, such seizure was legal and proper, the said plaintiff having the reputation of a liquor dealer, and having been convicted of selling liquor in violation of law, and at the times alleged in his complaint herein, as defendant is informed and believes, the said plaintiff was maintaining in the city of Greenville a place where persons were allowed to resort for the purpose of drinking liquor, and where it was bargained or sold or given away in violation of law."

The plaintiff moved to strike out this second defense, on the ground that it is irrelevant, immaterial, redundant, argumentative and does not state facts sufficient to constitute a defense. The motion was denied, and the first exception draws in question the correctness of the decision.

It is the duty of dispensary constables to seize contraband liquor as directed by the statute law of the State. If, however, they seize liquor not contraband, they go beyond the law and violate individual right. If this is done wilfully and maliciously, they are liable for punitive damages. Liquor purchased in another State and shipped to the purchaser in this State is not contraband, being protected as an article of interstate commerce until it is delivered to the purchaser. *Rhodes* v. *Iowa,* 170 U. S., 412; *State* v. *Holleyman,* 55 S. C., 244, 31 S. E., 622. The fact that the purchaser to whom it is consigned is engaged in

the illicit sale of liquor, and purchases it for the purpose of resale, can make no difference; the liquor is none the less an article of interstate commerce, and cannot be legally seized until it is delivered to the consignee. For these reasons, taking this language of the answer alone without connecting it with what had been already said in the answer, it would not be a defense, for it would amount to nothing more than saying, although the liquor might have been in transit from the seller in North Carolina to the purchaser in South Carolina, and, therefore, exempt from seizure, yet as it was in transit to one who had the reputation of dealing in contraband liquor and who was actually engaged in that unlawful pursuit, its seizure was lawful. Under the authorities above cited, it is manifest this would be no defense, if the defendant seized the liquor, knowing it was exempt by reason of being in transit from the seller in North Carolina. We find, however, the defendant had before in the answer, denied the liquor was in transit, or that he had received any notice from the plaintiff to that effect. This is not an action to recover the value of the whiskey, but for punitive damages for seizing liquor not contraband, wilfully and maliciously. The issue, therefore, is, whether there was a wilful and malicious violation of the plaintiff's rights—an intentional abuse of official power and malicious purpose to oppress·

Even if the liquor was exempt, the material inquiry in a case of this kind is, whether the constable knew, or ought to have known, it was exempt, or was he endeavoring with due caution to honestly exercise the duties of his office in making the seizure? In meeting this issue, the fact that the plaintiff had the reputation of being a liquor dealer, and had been convicted of selling liquor contrary to law, and that he habitually kept liquor for sale in violation of the law the constable was required to enforce, would be a very cogent defense. Those who habitually engage in the illicit sale of liquor are professional criminals, and it would be, indeed, singular that a constable charged with unlawfully, wilfully and maliciously seizing the kind of property with which they ply

their trade, should not be allowed, after denying the notice of the exemption imputed to him by the plaintiff, to allege and prove the reputation of the defendant as an illicit liquor dealer, and the fact that he was actually engaged in selling contraband liquor, in rebuttal of the charge of wilful and malicious seizure of exempt liquor. It is possible for a burglar to have shipped to him a kit of tools, intending to use them for the exclusive purpose of opening his own safe, but it would be a very effective defense for a police officer, charged with wilful and malicious tort in seizing the tools, to allege and prove their owner was known as a professional cracksman and was actually engaged in plying his trade with other tools when the tools intended for a lawful purpose were seized.

It is true, as a general rule, reputation, good or bad, may not be pleaded or proved as a defense in a civil action. Exceptions to this rule embrace actions for breach of promise, seduction, malicious prosecution, libel and slander, assault and battery. As another exception, "in actions of tort, wherever the defendant is charged with fraud from mere circumstances, evidence of his general good character is admissible to repel it." Greenleaf on Evidence, 54; *Dawkins* v. *Gault,* 5 Rich., 153; *Werts* v. *Spearman,* 22 S. C., 219. We have no hesitation in making a case of this kind an exception. The dispensary law requires of dispensary constables delicate and responsible duties, the vigilant discharge of which is of great importance to the public. When a person whose liquor is seized seeks to punish such an officer by recovering from him damages for intentional violation of his duty, it would be beyond all reason to deny to the officer the right to plead and prove on the issue of wilfulness and malice that such person was known as a professional dealer in illicit liquors. For these reasons, it seems clear the allegations are not immaterial nor irrelevant. An allegation is irrelevant when the issue framed by its denial can have no connection with nor effect upon the cause of action. Pome-

roy on Remedies, sec. 551; *Smith* v. *Smith*, 50 S. C., 54, 27 S. E., 545.

Proof of the facts alleged here might be made under the general denial of wilfulness and malice, and a general denial would have been more in accordance with the best rules of pleading. But it does not follow the allegation should be stricken out as redundant and argumentative. "If a complaint or petition should, in violation of the principles established by the reformed procedure, allege the evidence of some issuable or material fact instead of the fact itself, or should state a conclusion of law in place of the proper fact or facts which support it, these averments would be irregular, imperfect, insufficient and liable to correction by a motion; but they might not be necessarily redundant. If the pleading was not reformed, and if the defect was not so serious as to render it demurrable, it would be treated on the trial as sufficient; and the statement of probative matter or of legal conclusions would take the place of the issuable or material facts which ought to have been averred, and would thus become material." (Pomeroy on Remedies, sec. 551.) The first exception is overruled.

The Circuit Judge sustained the demurrer interposed by defendant to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, in that suit could not be brought against the defendant individually, but must be brought upon his official bond. Since the decision of *Scott* v. *Donald*, 165 U. S., 59, it is not to be doubted that individuals have the right under the Constitution of the United States to import liquor into this State for their own personal use. It is equally well settled by the cases of *Rhodes* v. *Iowa* and *State* v. *Holleyman, supra*, that liquor purchased out of this State and shipped into the State does not become subject to the dispensary law until delivered to the consignee. *Scott* v. *Donald* was an action for six thousand dollars damages for the wilful and malicious seizure of liquor from the railroad company by a State constable. It was, therefore, precisely like the

case now under consideration.    At the time that case arose, the dispensary law provided: "No suit shall lie for damages alleged to arise by seizure and detention of liquors under this act." (Act of 1895, section 22).    The constitutional right to import implies that the appropriate remedy for the violation of the right cannot be denied by the State.    Upon this principle, the Supreme Court of the United States disregarded the statutory prohibition above quoted.    The same prohibition is to be found in the present dispensary law, Criminal Code, section 578.    Under the authority of *Scott v. Donald*, we are obliged to hold it is without effect in cases of this kind, and that a suit for damages may be maintained against a dispensary constable for illegal seizure of liquor imported for personal use or in transit from another State, unless the General Assembly has provided another remedy, which was intended to be exclusive and which substantially supplies its place.

In 1900, the General Assembly passed an act amending the dispensary law, and the portion of the amendment which is now under consideration appears in the Civil Code, in section 661: "Such constables shall, before entering upon the duties of their office, each give bond to the State in the sum of five hundred dollars, with surety or sureties to be approved by the attorney general, conditioned for the faithful performance of the duties of his office; and in case of the breach of said bond, suit may be brought thereon by any person aggrieved thereby, either in the county where any of the obligors reside or in any county where said breach may have occurred."

The question is, whether suit on the bond of the constable was intended to be the exclusive remedy of the owner, where liquors in transit from another State or imported for personal use are wilfully, maliciously and unlawfully seized. In considering whether the remedy was intended to be exclusive, it must be remembered the General Assembly had before it the principles laid down by the cases above referred to.    There are no words in the statute indicating the exclu-

32—67

sion of other remedies; but, as was held in *Moore* v. *Ewbanks*, 66 S. C., 376.: "Where a statute authorizes the taking or damaging of property for public purposes, and provides a remedy by which compensation may be obtained, such remedy is not cumulative but exclusive." If, however, the statute, as in this instance, merely gives permission to use the new remedy, and the new remedy is inadequate to take the place of the old, it will not be regarded as exclusive, because the Courts will not, in the absence of express words in the enactment to that effect, impute to the legislature an intention to destroy an old remedy without supplying a new one sufficient to protect and enforce the right. The bond is limited to five hundred dollars. It is manifest this would be quite inadequate, where the damages sought are over five hundred dollars in one suit, or an aggregate of more than five hundred dollars in several suits. Suits are allowed at the instance of private persons on all official bonds, but the bond required by the State of an officer to secure the faithful discharge of his duty is not the measure of his liability. If the sheriff should, while acting officially, do wilful and malicious injury to the amount of twenty thousand dollars, it cannot be doubted the party injured could maintain a suit against him for the entire amount, although his bond might be for only ten thousand dollars. We think it clear the remedy of suit on the bond was not intended to be exclusive.

Section 600 of Criminal Code provides: "Chapter I., title VII., of the Code of Civil Procedure of this State, entitled 'Of Provisional Remedies in Civil Actions,' shall not apply to any officer or person having duties to perform under this chapter, and in no case shall an action lie against any such officer or person for damages to person or property, as provided in said chapter." Title VII., of chapter I., of the Code of Civil Procedure, relates to arrest and bail, and hence the position of defendant that it prohibits an action of this kind, cannot be sustained.

For the reasons above stated, the second exception is sustained.

The judgment of this Court is, that the judgment of the Circuit Court dismissing the complaint be reversed.