8284

WALKER v. SOUTHERN BELL TELEPHONE AND TELEGRAPH CO.

1. EVIDENCE IN REPLY—DISCRETION.—When evidence may be admitted in reply is within the discretion of the trial Judge and where he admits new matter in reply the remedy of the other side is to move for permission to reply to it.

2. CHARGE—ELECTRIC COMPANIES.—An instruction that an electric company using heavily charged wires should so construct them and "so safeguard them—or so insulate them—they must use that degree of care in securing them or insulating them that a man of ordinary prudence, and foresight, and caution, would be expected to use under the circumstances to prevent an injury to a citizen or his property," is not a charge on the facts.

3. ELECTRIC COMPANIES—TRESPASSER.—One going on property on which an electric company maintains poles carrying wires, but not owning the land, for the purpose of assisting one there injured by contact with charged wires is not a trespasser as to the company.

4. IBID.—NEGLIGENCE.—It is the duty of an electric company to keep wires heavily charged properly guarded to save persons *accidentally* coming in contact with them from injury.

5. IBID.—CHARGE.—Where a plaintiff alleges the negligence complained of to be "the placing of electric wires in contact with guy wires" it would be a charge on the facts to instruct the jury that "the telegraph company does not guarantee the safety of its guy wires and freedom from the presence of electricity. It is only required to use reasonable care to keep them in a safe position."

6. IBID.—IBID.—An instruction that the plaintiff "contends that he did not know that this thing here, this guy wire, was charged with a live wire * * * that he had nothing to warn him * * * and inadvertently formed a circuit with it" is stating the issues.

   MR. JUSTICE FRASER *thinks it a charge on the facts.*

7. IBID.—IBID.—Under an allegation that the wire heavily charged with electricity was so placed that a person not a trespasser would likely come in contact with it, an instruction that the plaintiff claimed that the wire ought to have been insulated is a legitimate explanation of the issues.

Before GARY, J., Spartanburg, November term, 1911. Affirmed.

Action by Alexander Walker, by guardian, against Southern Bell Telephone and Telegraph Co. and Spartanburg Street Railway, Gas and Electric Co. Defendants appeal.

*Messrs. Bomar & Osborne* and *Sanders & Depass,* for appellants, cite: *Plaintiff was a trespasser:* 38 Cyc. 995; 29 Cyc. 444; 38 Cyc. 1002; 29 Cyc. 426. *As to charge on the facts:* 47 S. C. 517; 87 S. C. 193. *These authorities throw light on the rights and liabilities of the parties:* 70 S. C. 116; 50 S. E. R. 987; 50 S. E. R. 1003; 53 S. E. R. 379; 76 S. W. 394; 89 N. W. 73.

*Messrs. Carlisle & Carlisle* and *Charles P. Wofford,* contra, cite: *Admitting testimony in reply is within discretion of trial Judge:* 43 S. C. 91; 16 S. C. 378. *Statement of issues or of hypothetical statement of facts is not a charge on the facts:* 88 S. C. 162; 62 S. C. 546; 63 S. C. 372.

August 7, 1912. The opinion of the Court was delivered by ;

MR. JUSTICE FRASER. This is an action for damages for personal injury.

Plaintiff alleges: "That said accident occurred on account of the negligence, carelessness and mismanagement of the property of said defendant, by reason of their recklessly and wilfully maintaining concurrently wires, either charged with electricity or conductors of electricity, erected or strung in close proximity, and in such a manner that one is likely to fall upon or come in contact with the other, thereby sending a heavy charge of electricity through the said guy wire, which was recklessly and wilfully allowed to remain in a position that any passer-by acting in a lawful manner, and not as a trespasser, would likely to come in contact with, thereby producing possible destructive consequences."

Judgment was rendered for the plaintiff in the sum of three hundred and forty-five dollars. From this judgment the defendants appealed. There are ten exceptions.

1. "(1) In permitting the plaintiff in reply to examine J. L. Lee on matters upon which neither of the respondents had introduced any evidence, and in asking the said witness the following questions, and allowing him to answer the same, against the objections of the respondents, to wit:

" 'Did you ever see this guy wire that we have been talking about here that is said to have killed Mr. Huggins and injured Alexander Walker? Yes, sir. Did you see it often? Yes, sir. Did you ever notice it at night? Yes, sir. What result did you see from the passing of that guy

wire through that tree near the post? I have seen fire in the tree. Did you see that more than once? Yes, sir. How long before this accident, if you can fix the time? I do not know, sir. Was there any other wire through that tree, except the guy wire we have been talking about? No, sir.'

"The error being, as it is respectfully submitted, that this was allowing evidence to be introduced upon new matter in reply, and after the defendant had closed its case, such evidence not being in reply to any evidence which has been introduced in behalf of the respondents."

The time at which testimony shall be introduced is in the discretion of the trial Judge. If the appellants desired to controvert the statements of the witness they ought to have asked permission to do so. It was merely cumulative any way as the witness, Thomas Williams, had testified on the same subject.

This exception is overruled.

2. "(2) Because his Honor undertook to tell the jury what rule the Supreme Court has laid down in reference to the duty of a company using electricity over wires, charged the jury as follows: 'And that they lay down the rule that I have just given you, that they must so construct them and so safeguard them—or so insulate them—they must use that degree of care in securing them and insulating them that a man of ordinary prudence and foresight and caution would be expected to use under the same circumstances, to prevent an injury to a citizen or his property,' charged upon the facts, contrary to the provision of section 26, article V, of the Constitution of this State, and instructed the jury as matter of fact that it was the duty of an electrical company in using ordinary prudence and foresight to 'insulate' its wires, it being respectfully submitted, that it depends upon the circumstances, conditions and surroundings of each particular case whether it is the duty of an electrical company to 'insulate' its wires."

This is not a charge on the facts, but a proposition of law pure and simple. The statement that "that degree of care is required, that a man of ordinary prudence and foresight and caution would be expected to use under the same circumstances," extends from the highest degree to none at all and leaves the whole matter to the jury.

This exception is overruled.

3. "(3) Because, it is respectfully submitted, his Honor erred in refusing to charge the request of the respondent, the Spartanburg Railway, Gas and Electric Company, No. 6, without modification, such request being as follows:

'6. If a person, without having the right to do so, and being in a place where he had no legal right to be, voluntarily and without any necessity, takes hold of a wire belonging to a company with which he is in nowise connected, then such person is a trespasser.'

"And in connection therewith in instructing the jury as follows: 'I am obliged to tell you, gentlemen, that under the laws of humanity that if a person traveling a highway is called to render aid to one who is suffering, and in response to that call he goes to the place, under those circumstances he would not be a trespasser.'

"The error being, it is respectfully submitted:

"(a) That as there was evidence tending to show that the guy wires, at the place where the plaintiff alleges he was injured, was outside of any path and some little distance from the place where the man was lying, who it is alleged Walker was called to assist, and was on private property, the request was sound law applicable to the case, and should have been charged without the addition made by his Honor.

"(b) That by this addition to the defendant's request his Honor lead the jury to believe that even if the plaintiff was outside of any traveled path and some little distance from where the injured man was lying, that plaintiff would not be a trespasser even though he voluntarily, and without necessity, got hold of the guy wire and was injured.

"(c) Because that by this charge his Honor placed it in the power of the jury, and lead them to believe that a person who simply because he goes to the assistance of an injured man would not be a trespasser even though he voluntarily, and without necessity, at a place where he has no legal right to be, takes hold of a wire of a company with which he has no connection.

"(4) Because, it is respectfully summitted, his Honor erred in refusing the request of the respondent, the Spartanburg Railway, Gas and Electric Company, numbered No. 7, to wit: '7. An electrical company is not liable for injuries inflicted upon a trespasser, unless it is wilfully, wantonly or intentionally done.'

"The error being, as it is respectfully submitted, that as there was evidence tending to show that the plaintiff caught hold of a wire of a company with which he was not connected, and at a point where he had no legal right to be, and where there was no excuse for him to be, it was a question of fact for the jury to say whether or not he was under all of the circumstances a trespasser, and if so, whether he was injured, and if so, whether he was injured by any wilful, wanton or intentional act of the respondents."

"(5) Because, it is respectfully submitted, his Honor erred in not charging requests numbered 6 and 7, submitted by the respondent, the Spartanburg Railway, Gas and Electric Company, without modification and without qualification, the error being, as it is respectfully submitted, that as there was evidence tending to show that the plaintiff was injured at a point where there was no necessity for him to be, and where he had no legal excuse to be, it became a question of fact for the jury, under the evidence, to say whether or not he was a trespasser."

"(7) Because his Honor erred in refusing to charge the fifth request submitted by the defendant, Southern Bell Telephone and Telegraph Company, to wit: '5th. I charge you, further, that if this wire was at a place where the plaintiff

had no right to be, and he went there as a volunteer and took hold of the wire and the company had no reason to anticipate such an act on his part, that the company owes him no duty to keep such wire in a safe condition, and its failure to keep it in a safe condition would not render it liable for his injuries.'

"The error being, as it is respectfully submitted:

"(a) That this request embodied a sound proposition of law applicable to the facts of this case, and should have been charged by his Honor.

"(b) That as there was evidence tending to show that the plaintiff was at a place where he had no right to be, and was a volunteer, and that the company had no reason to anticipate that he would take hold of the wire, the request embodied a 'sound proposition of law and should have been charged."

These exceptions are based upon the erroneous proposition that there was some evidence that the plaintiff was a trespasser as to these defendants. There is not a word of testimony to show that either of these defendants were in possession of the place of the accident or claimed any right to its possession.

In this sense trespass is the invasion of possession and only he whose possession is invaded has the right to protection. A man may be a trespasser himself and yet have all the rights of ownership against all the world except the true owner.

These exceptions are overruled.

4. "(6) Because, it is respectfully submitted, his Honor erred in refusing to charge the second request submitted in behalf of the defendant, Southern Bell Telephone and Telegraph Company, to wit: '2d. I charge you, further, that if you believe from the evidence that the plaintiff received his injuries by accidentally grabbing the wire in an effort to prevent himself from falling, and missed the post in attempting to lean up against the post, and that

such accident was the proximate cause of his injury, then he is not entitled to a verdict in this case and your verdict must be for the defendants.'

"The error being, as it is respectfully submitted, that there was evidence tending to show that the injury which came to plaintiff came to him by his attempting to lean against a post and being about to fall he accidentally grabbed the guy wire to stop himself. This request was sound law and applicable to the facts of the case, and was designed to submit to the jury the question whether the injuries which came to the plaintiff came to him from an unforeseen accident, and should have been charged by the Court."

His Honor could not have charged this request. It is to guard against accidental contact with dangerous instrumentalities that safeguards are required when necessary. The deliberate contact, with full knowledge of the danger, is contributory negligence and a complete defense.

This exception is overruled.

5. "(8) Because, it is respectfully submitted, his Honor erred in refusing to charge request No. 6, submitted in behalf of the Southern Bell Telephone and Telegraph Company, to wit: '6th. I charge you, further, that the telegraph company does not guarantee safety of its guy wires, and freedom from the presence of the electricity. It is only required to use reasonable care to keep them in a safe position, and if you believe from the evidence that the proximate cause of the injury was due to the placing of electric wires in contact with the guy wires, then your verdict must be in favor of the telephone company.' "

"The placing of electric wires in contact with the guy wires" was the negligence complained of and if his Honor had so charged he would have charged on the facts.

This exception is overruled.

"9th. Error in charging the jury as follows: 'Now, the plaintiff in this case contends that he didn't know that this thing here, this guy wire, was charged by a live wire; that

while passing a public highway his contention is that he was called by that old winking man there, who was digging up the sod. He said he called to him to come and help with that man who he thought had fainted; and his contention is that in obedience to that call he went there, and had nothing to warn him that this wire was charged, alive with electricity, and inadvertently formed a circuit with it. You see, he was on the ground, which was negative, and if he caught a positive wire that was charged with electricity, that would make a connection;' the error being that in so charging his Honor charged the jury in respect to matters of fact in violation of article V, section 26, of the Constitution of 1895, in that, first, he stated to the jury what the testimony and contention of the plaintiff was in regard to matters of fact at issue, and in the second place, he charged the jury 'that this guy wire was charged by a live wire;' and 'had nothing to warn him that this wire was charged, alive with electricity, and inadvertently formed a circuit with it;' it being submitted that such charge was especially prejudicial to the defendants in view of the clear-cut issue of fact as to whether or not the guy wire was in fact charged with electricity or whether the plaintiff, by unduly pulling it down, drew the other end of it up into contact with the electric wire, thus forming the circuit."

I think this was a charge on the facts and this exception should be sustained.

6. "10th. Error in charging the jury as follows: 'And the plaintiff's contention is that a man of ordinary prudence and caution in erecting that guy wire there would have seen the possibility of probabilities of coming in contact with another wire and they ought to have insulated that wire wherever the public came in contact with it;' the error being that in so charging his Honor misstated the issues, in that there was no contention on the part of the plaintiff in the pleadings that the guy wire should have

been insulated and his Honor's attention being called thereto, should have corrected said charge."

The complaint alleged that the wire, heavily charged with electricity, was so placed that a person not a trespasser would likely come in contact with it. His Honor, explaining the contention of the plaintiff, said plaintiff claimed that the wire ought to have been insulated. That was a legitimate explanation and not a misstatement of the issue.

This exception is overruled.

The majority of the Court being of the opinion that the ninth exception should be overruled, because it was a mere statement of the issues between the parties,

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MESSRS. CHIEF JUSTICE GARY *and* JUSTICES WOODS, HYDRICK *and* WATTS *concur in the result.*