## 11006

### SHERIFF v. CARTEE

#### (113 S. E. 579)

1. LIBEL AND SLANDER—CHARACTER OF PERSON SLANDERED ADMISSIBLE.— In an action for slander, the general good character of plaintiff may be given in evidence on the question of damages.

2. TRIAL—WITHIN COURT'S DISCRETION TO ADMIT COMPETENT EVIDENCE IN REPLY.—It is within the trial Court's discretion to admit competent evidence in reply.

3. TRIAL—COURT'S INSTRUCTIONS REGARDNG CHARGE OF STEALING PROPERTY HELD NOT ERROR, IN VIEW OF OTHER INSTRUCTIONS.—Where the complaint alleged that defendant charged that plaintiff stole defendant's property, an instruction that it was not necessary to prove that defendant charged plaintiff with stealing the property, as using language necessarily amounting to such a charge was sufficient, *held* not error, in view of the complaint, the testimony, and the other instructions.

Before MEMMINGER, J., Pickens. Affirmed.

Action by N. J. Sheriff against P. C. Cartee. Judgment for plaintiff and defendant appeals.

*Messrs. Bonham & Price* and *J. H. Earle,* for appellant, cite: *Character witnesses where no character attack had been made were improper*: 12 Rich. L., 654.

*Messrs. H. H. Harris* and *J. G. Leatherwood,* for respondent, cite: *Plaintiff in action for slander had right to defend character against insinuations*: 34 Pa. St., 114; 3 Rich. L., 362. *Testimony in reply discretionary*: 92 S. C., 188; 43 S. C., 91. *Charge must be considered as a whole*: 72 S. C., 84; 26 S. C., 125.

September 1, 1922.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Upon a cause of action charging the defendant with slander in accusing the plaintiff of stealing, the plaintiff recovered a judgment in the Circuit Court for $300.00 actual damages and $1,000.00 punitive damages. The defendant appeals upon two exceptions:

The first exception assigns error in permitting certain of plaintiff's witnesses to testify in reply, over defendant's objection, to the reputation of the plaintiff for honesty, industry, and fair dealing. This testimony was offered by plaintiff in reply, but was admitted by the trial Judge upon the ground that it was competent under the general issue joined, and the ruling was preceded by a statement to defendant's counsel that he would have a "right to reply" to the testimony. The exception cannot be sustain d. The rule in this State, although not universally accepted in other jurisdictions, is that in an action for slander the general good character of the plaintiff may be given in evidence. In the case of *Williams v. Haig,* 3 Rich., 362, 45 Am. Dec., 774, which, like the case at bar was an action of slander for words charging the plaintiff with larceny, the approved doctrine was thus enunciated by Justice Johnson:

"The rule laid down, * * * that the plaintiff will not be allowed to give evidence of the fairness of his character till his character is attacked, is clearly predicated on the

assumption that the plaintiff's character is not put in issue, and that the defendant cannot, in mitigation of damages, give in evidence the plaintiff's general bad character. * * * But in *Buford v. McCluny,* 1 N. & McC., 269, a different rule, which has been since universally followed, prevailed. There it is said that the plaintiff's character is directly put in issue by the action of slander, and that defendant may, in mitigation, give in evidence his general bad character; and this diversity in the rule necessarily leads to a corresponding modification of the rules of evidence. The presumption, to be sure, is in favor of the plaintiff's character, but that, according to the rule established here, may be rebutted by proof on the part of the defendant; and I take it to be universally true that, when presumption constitutes proof of a matter which is put in issue, the party who is protected by it is not obliged to rely upon it, if he has better and more conclusive evidence."

In *Smith v. Lafar,* 67 S. C., 495, 46 S. E., 333, this Court expressly recognizes that an action for libel and slander is embraced within the exception to the general rule that "reputation, good or bad, may not be pleaded or proved" in a civil action. In its application to the question of the quantum of damages in an action for slander, we think the soundness of the rule is not open to serious question. One "of disparaging fame is not entitled to the same measure of damages with one whose character is unblemished, and it is competent to show that by evidence," Lord Ellenborough, quoted in *Stone v. Varney,* 7 Metc. (Mass.), 93, 39 Am. Dec., 767. As was said by the Massachusetts Court in *Stone v. Varney, supra*:

"There seems to be no alternative but to admit this species of evidence; and this as well when there is a justification pleaded, as when the defense is on the general issue alone."

See, generally, as to proof of reputation in civil actions, *Dennis v. Street Ry.,* 93 S. C., 295; 76 S. E., 711; *Smith v. Lafar, supra; Werts v. Spearman,* 22 S. C., 200; *Dawkins v Gault,* 5 Rich., 153; *Smets v. Plunket,* 1 Strob., 372.

As the testimony was competent, its admission in reply was within the discretion of the trial Judge. *Walker v. So. Bell Tel. & Tel. Co.,* 92 S. C., 188; 75 S. E., 1024; *Sims v. Jones,* 43 S. C., 91, 20 S. E., 905.

The second exception imputes error to the trial Judge in modifying defendant's first request to charge, which was as follows: "In order for the plaintiff to recover in this case, the jury must find that the defendant slandered the plaintiff in substantially the words set forth in the complaint, to wit, that he charged the plaintiff with stealing his property."

The modification complained of is the following explanatory comment:

"I take the view of it that not necessarily stealing, charging him with absolutely stealing the property, but using such language as would of necessity amount to such a charge, as would injure his reputation, of necessity injure his reputation, injure him in business or otherwise."

The complaint alleged that the defendant had on the 15th of January, 1921, said that "Newt Sheriff stole and carried away my galvanized iron"; that on the 10th of January, 1921, he had accused the plaintiff of "having taken and carried away his (the defendant's) galvanized iron"; and that at various and other times and occasions the defendant had slandered plaintiff by false statements "to the effect" that plaintiff had stolen and carried away "property belonging to defendant." To establish the alleged slander he introduced three witnesses, one of whom said that the defendant charged plaintiff with "moving some roofing that didn't belong to him," etc.; another of whom testified that he heard defendant say that "Newt Sheriff

had stolen my galvanized roofing," etc.; and the other of whom attributed to defendant the words, "Is it right for Newt Sheriff to take a man's roofing?" etc. In view of the allegations and proof, we think the clear purport of the charge complained of was properly to explain that the slanderous statement would not necessarily have to amount to a charge of "absolutely stealing the property," but would be sufficient if it amounted to such a charge of taking or moving (the only other slanderous charge attributed to defendant by the witnesses) as would of necessity injure the plaintiff in reputation, etc. The modification did not substantially change the correct rule embodied in defendant's first request, and, considered in connection with the allegations of the complaint, the testimony adduced, and the trial Judge's subsequent clear statement of the issues in his charge, we are satisfied there was no prejudicial error.

For the reasons stated, the exceptions are overruled, and the judgment of the Circuit Court is affirmed.