12923

SMOAK v. ROBINSON

(153 S. E., 342)

*Messrs. William C. Wolfe* and *W. B. Martin,* for appellant,

*Messrs. Brantley & Zeigler,* for respondent,

May 15, 1930.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The plaintiff, J. Thurston Smoak, commenced this action against the defendant, J. B. Robinson, in the Court of Common Pleas for Orangeburg County, March 25, 1929, for damages, actual and punitive, for alleged injury to property of the plaintiff, consisting of a truck and trailer; issues being joined the case was tried before his Honor, Judge C. C. Featherstone, and a jury, at the October, 1929, term of said Court, and resulted in a verdict for the plaintiff for the sum of $405.00 actual damages and $1,500 punitive damages. From the entry of judgment on the verdict the defendant has appealed to this Court, imputing error to the presiding Judge in the particulars set forth in the exceptions.

For an understanding of the cause of the litigation the facts alleged by the plaintiff, briefly stated, are as follows:

That the plaintiff was the owner of a certain tract of timber located in Orangeburg County, consisting of about

24 acres, and on the 22nd day of February, 1929, was engaged in hauling a load of logs from said tract of land, the plaintiff not being present, the work being done by the plaintiff's agents, servants, and employees; that on account of the truck and trailer on which the logs were being hauled sticking in the mud and being stalled, on the road leading from the said timber lands to the main highway, the agents, servants, and employees of the plaintiff were detained on the road, and while detained there, trying to get the truck and trailer going, night came on, and while thus situated the defendant came up and approached the employees of the plaintiff in an angry manner, cursed them, threatened to take their lives, drew a double-barreled shotgun on them, threatened to shoot them, fell upon one of the plaintiff's said employees and struck him severely with the said shotgun and beat and wounded him, forced the plaintiff's employees to leave the logs, truck, and trailer and flee for fear of being killed, and as the plaintiff's employees fled the defendant fired at them several times; that the defendant also destroyed the said truck and trailer by the use of an ax and gun, rendering the same absolutely useless and worthless.

The defendant interposed a general denial, as a first defense. As a second defense the defendant alleged, in substance, that the plaintiff was engaged, from time to time, in cutting and removing timber on a tract of land adjoining the tract referred to in plaintiff's complaint, consisting of about 169 acres, and on which latter tract the defendant claimed to own the timber; the defendant alleged that the plaintiff was trespassing upon the 169-acre tract of land. Under this second defense the defendant alleged that he destroyed the plaintiff's truck because that was the most effective way to stop the plaintiff from hauling the timber he claimed, that is, that the defendant claimed; that the plaintiff would not pay any attention to defendant's requests and protests; and further alleged that the plaintiff's said

truck was not worth much, anyway. As a third defense and as a counterclaim, the defendant asked to recover against the plaintiff the sum of $6,500 for alleged acts of trespass on the said 169-acre tract of land on which the defendant alleged he owned the timber.

The appellant presents two exceptions, under which he sets forth the alleged errors imputed to the trial Judge, which will be considered in the order presented.

First exception: "The presiding Judge erred in excluding the testimony of the witness, F. D. Bates, upon the objection of the plaintiff; whereas he should have admitted such testimony, because in an action for punitive damage for a willful tort alleged to have been committed with force and arms, it is both competent and relevant to prove by evidence in mitigation of damages the good reputation of the alleged tort-feasor for peace, good order and prior law-abiding habits."

The witness, F. D. Bates, offered by the defendant, in response to questions propounded by defendant's counsel testified as follows:

"Q. How long have you known J. B. Robinson? A. Thirty or forty years.

"Q. Have you known him quite well during that period? A. Yes, sir.

"Q. What is his reputation?"

To this question counsel for the plaintiff interposed an objection, and the presiding Judge sustained the objection. On account of this ruling the appellant charges error. It is the appellant's contention that it was proper for him to prove his reputation, in mitigation of damages, for the reason that punitive damages were sought against him for the alleged willful tort. In our opinion the trial Judge properly sustained the objection. The general rule in civil cases is that reputation or character of the plaintiff or of the defendant is not admissible. 10 R. C. L., 947; Jones on Evidence, § 148. In 22 C. J., 470, we find this statement on the sub-

ject: "It is well established as a general rule of evidence that the character of a party to an action is not proper subject of inquiry, for while it is recognized that ground for an inference of some logically probative force as to whether or not a person did a certain act may be furnished by the fact that his character is such as might reasonably be expected to predispose him toward or against such an act, the consideration is outweighed by the practical objections to opening the door to this class of evidence." The appellant seems to recognize this general rule, but he contends that one of the exceptions to the rule is in cases of assault and battery, and takes the position that the action involves the question of assault and battery. We are unable to agree with appellant that the action is based on an assault and battery, but on the contrary we agree with the holding of the trial Judge that the action is one for injury to personal property, and has nothing to do with assault and battery. In our opinion, under no view of the case was the testimony sought to be introduced admissible. For a discussion of the question and a statement of the principle we call attention to the following South Carolina cases: *McKenzie v. Allen*, 3 Strob., 546; *Smets v. Plunket*, 1 Strob., 378; *Smith v. Lafar*, 67 S. C., 495, 46 S. E., 332; *Dennis v. Columbia Electric St. Ry., Light & Power Co.*, 93 S. C., 295, 76 S. E., 711; *Trimble v. Carlisle*, 103 S. C., 411, 88 S. E., 28; *Sheriff v. Cartee*, 121 S. C., 143, 113 S. E., 579.

Second exception: "The presiding Judge erred in directing a verdict in favor of the plaintiff upon the counterclaim interposed by the defendant, because the testimony shows that the difficulty arose out of a controversy between the parties in reference to the plaintiff cutting trees or timber across the line upon the lands of the defendant, at least one witness for the plaintiff, D. H. Horger, testifying that about 6,102 feet had been so cut; so that the counterclaim was valid and proper to the extent of such

timber as a proper set-off to any actual damages recovered or to be recovered by the plaintiff."

It does not appear in the transcript of record that his Honor, the presiding Judge, directed a verdict in favor of the plaintiff upon the defendant's counterclaim, as the exception would lead one to think. The plaintiff made such a motion, but the record shows that instead of granting it the presiding Judge stated that he would direct the jury *not to consider it,* as it was not a legitimate counterclaim in the action, as clearly it was not, under Section 428 of the Code. The direction was equivalent to sustaining a demurrer to it, and of course it would not have been proper *to direct a verdict* upon a counterclaim which should not have been interposed. It is conceivable that the defendant may have a cause of action upon the facts stated in his counterclaim, maintainable in a separate action; if he has, it would be embarrassing to him for the Court in this action to appear to approve the direction of a verdict upon it in favor of the plaintiff, when as a matter of fact such direction had not been made.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.