9965

IVESTER v. FOWLER *ET AL.*

(96 S. E. 154.)

1. Evidence — Declaration of Disinterested Party — Boundaries.—
   Field notes in the handwriting of a deceased surveyor, the plat hav-
   ing been lost, and a notation that the survey was made "at the
   request of" testator, were admissible as declarations of a disinter-
   ested person as to testator's intent to change the boundary between
   two parcels of land.

2. Appeal and Error—Reviewing Rulings—Reason for Ruling.—If a
   ruling striking out testimony was right, it will be sustained, although
   reason given was unsound.
   always considered a certain line as a boundary, and had so told a
   surveyor employed by him, was merely expression of an opinion.

4. Witnesses—Declarations of Deceased Persons.—Testimony of party
   in boundary dispute as to conversation of a prior deceased owner
   of both tracts with a third person, as to fixing of boundary, was not
   within the inhibition of Code Civ. Proc. 1912, sec. 438, excluding
   testimony of an interested witness as to any conversation or trans-
   action between such witness and a person deceased.

5. Evidence—Declarations Concerning Boundaries—Admissibility.—
   In boundary dispute, where the issue was whether former deceased
   owner of two tracts of land intended to change the boundary when
   he changed the bed of a creek, statements of such owner at the time
   were admissible.

6. Appeal and Error — Harmless Error — Evidence.—Exclusion of
   declarations of former owner of two tracts divided by a stream, to
   the effect that he was not going to change the boundary, was not
   prejudicial where he subsequently changed the course of the stream
   and had a survey made.

7. BOUNDARIES—CHANGING COURSE OF STREAM.—Where owner of two tracts divided by a stream changed the course of the stream, and devised or conveyed the tracts with reference to the stream as a boundary, it will be presumed that he intended to change the boundary with the stream, although there is 'no such presumption where different persons own the several tracts.

8. TRIAL—REMARKS OF COURT—ISSUES.—In boundary dispute, a remark by the Court that the issue was "where is Cane Creek," was not misleading, where there was no question as to where the creek was located, and the Court made it clear that the boundary depended on whether a prior owner intended to change the boundary when he changed the course of the creek.

Before WILSON, J., Oconee, Spring term, 1917. Affirmed.

Action by Mrs. W. C. Ivester against W. W. Fowler and others to recover possession of land. Judgment for defendants, and plaintiff appeals.

*Mr. M. C. Long,* for appellant, cites: *As to the exclusion of testimony under section 438 of the Code of Procedure:* 9 S. C. 279; 11 S. C. 49; 16 S. C. 632; 20 S. C. 567; 26 S. C. 254; 44 S. C. 25; 55 S. C. —; 56 S. C. 390.

*Messrs. Shelor & Hughes,* for respondent, cite: *As to exclusion of parole testimony tending to vary or contradict deed:* 76 S. C. 288; 54 S. C. 158; 107 S. C. 521. *As to allowing field notes of a dead surveyor and copy of plat to be introduced in evidence:* 3 McCord; 14 S. C. L. 144; 26 S. C. 236; 93 S. C. 580-581; 103 S. C. 540-541. *As to the admission of testimony in reply:* 100 S. C. 120; 106 S. C. 95; 104 S. C. 133; 107 S. C. 249-250; 107 S. C. 228; 106 S. C. 517; 72 S. C. 223; 76 S. C. 283. *As to both appellant and respondent being by material allegations of the complaint, not controverted by the answer:* Code of Procedure, section 219; 37 S. C. 427.

May 2, 1917.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This is an action to recover possession of land. Both sides claim the land in dispute under the will of John C. Von Lehe, who bought several tracts at different times from the German Settlement Society. In 1850 he bought a tract, described as No. 18, of the society's lands, and containing 163 acres, more or less. In 1871 he bought another tract, described as No. 21, and containing 150 acres, more or less. Both tracts are on Cane Creek, in Oconee county, and, when conveyed to testator, the creek was the dividing line between them.

Some time after he acquired the title to both tracts, and many years before his death, testator straightened the channel of the creek by cutting off one or more bends in it, and in doing so about 15 or 20 acres of bottom land in No. 18 were thrown on the opposite side of the creek so as to become adjacent to 21, and a few acres that had been in 21 were thrown on the side adjacent to No. 18, and the old channel was filled up.

In 1890, at request of testator, Gen. Erwin, a surveyor, since deceased, resurveyed No. 21, and included in it the 15 or 20 acres which had been cut from No. 18 by the new channel of the creek, and the plat which he made showed the new channel of the creek as the line between the two tracts. That is the land in dispute.

Testator died in 1894 leaving his will, whereby he devised his estate to his widow for life, and at her death he devised to his daughter, the plaintiff, "the homestead farm whereon I now live, in the county and State aforesaid, on Cane Creek, being composed of two tracts of German Settlement Society lands, and containing 280 acres, more or less." It is admitted that No. 18 is one of the tracts devised to plaintiff, and

that she is and has been in possession of the small portion of land cut off from tract No. 21 and thrown on the side of the creek next to tract 18 by the new channel. Testator devised to his son, John H. Von Lehe, who, he says in his will, had been absent for many years, and was supposed to be dead, "one tract of land in said county, and on Cane Creek, containing 150 acres, more or less, adjoining lands of Bush, Gregg and others; the same being a part of the German Settlement Society lands." That tract was No. 21. Plaintiff was appointed executrix of the will, and took charge of the estate as such, after the death of testator.

Some time after the death of testator, his son, John H. Von Lehe, returned home, and took possession of and lived upon the tract devised to him, paying rent, however, to his mother until she died. During his possession no question seems to have arisen as to the 15 or 20 acres now in dispute, possibly because no one wanted to use it. At any rate, it was allowed to grow up in weeds, bushes and briars.

In 1912, John H. Von Lehe conveyed the land devised to him to J. A. Bond, and described it in his deed as—

"All that certain piece, parcel, or tract of land situate, lying, and being in Wagner township, in the county of Oconee, in the State of South Carolina, containing one hundred and fifty acres, more or less, adjoining lands of H. B. J. W. Schroder, Earle Moore, estate of Jacob Busch, deceased, W. H. Carey, S. H. Snead, L. A. Lay and W. C. Von Lehe, being the tract of land inherited by me under the last will and testament of my father, John C. Von Lehe, and known as some of the German Settlement Society land."

The W. C. Von Lehe named in the description is the plaintiff, Mrs. Ivester. At the time of said conveyance John H. Von Lehe delivered to Bond the original plat made from the Erwin survey, showing the new channel of the creek as the line. Bond conveyed the title to the Neville defendants, and the defendant, Fowler, is their tenant. After the con-

veyance to him Bond's tenants took possession of the land in dispute and cleared and cultivated some of it, and since his conveyance to them the defendants have had possession of it.

The Court instructed the jury that the issue for them to decide was whether the testator intended the present channel of Cane Creek or the old channel to be the boundary line between the plaintiff and defendants' lands; that if they found that he intended the old run of the creek to be the line they should find for plaintiff, but if they found the present channel to be the line intended they should find for defendants. The verdict was for defendants, and from judgment thereon plaintiff appealed.

Error is assigned in admitting in evidence Erwin's field notes and a plat made from them, both dated June 17, 1890. It was admitted that Erwin was a surveyor, and that he had been dead a good many years before the trial, and that the plat made by him was lost. The field notes were proven to be in his handwriting, and also a memorandum annexed that the survey was made "at the request of John C. Von Lehe." Another surveyor testified that he platted Erwin's notes, and that they corresponded with the copy plat admitted in evidence. Both plat and notes showed the new channel of the creek as the dividing line. The evidence was well within the rule that the declarations of disinterested deceased persons, who were in position to know the facts, are admissible on questions of boundary. *Coate v. Speer,* 3 McCord, 227, 15 Am. Dec. 627, and reporter's notes 2 and 23; *Sexton v. Hollis,* 26 S. C. 231, 1 S. E. 893; 5 Cyc. 966.

Error is assigned in striking out the testimony of John H. Von Lehe—"that he always considered that plaintiff was the owner of a strip of land between his land and Cane Creek,

and that he had pointed out to one Kaufman what 2, 3 he considered the boundary of plaintiff's land between his land and Cane Creek, and that he told the surveyor, when he was surveying tract No. 21 for him, while he was in possession that his land did not go to Cane Creek, and that plaintiff owned a strip of land between his land and Cane Creek, when the survey was made just before his sale to Bond."

We are not concerned with the reason given by the Court for striking out this testimony. If the ruling was right, it must be sustained, although it may have been based upon an unsound reason. The testimony was incompetent, because it was merely an expression of the opinion of the witness, and the narration of prior declarations of his opinion to others as to the true boundary—a matter about which he was no more competent to express an opinion than any other witness. He was competent to testify only to facts relevant to the issue, but the inferences to be drawn from the facts were for the jury.

The next assignment of error is in refusing to allow plaintiff to testify to a conversation which she heard between her father and mother to the effect that her father wanted to cut off some bottoms from tract No. 18, and annex 4, 5 them to what he called the hillside tract No. 21, to make it more salable, and that, upon objection by her mother, her father said he would let it stand as it was. The testimony was excluded on the ground that it came within the inhibition of section 438 of the Code of Civil Procedure. The Code excluded the testimony of an interested witness as to any conversation or transaction between such witness and a person deceased. The conversation in question was not between witness and deceased, but between a third person and deceased. Therefore it was improperly excluded, as will clearly appear from a consideration of the decisions of this Court cited by appellant. The testimony

was competent, because it tended to prove the intention of the testator with regard to the establishment of a new boundary line between tracts 18 and 21.

But, in view of all the circumstances of the case, the error was not so prejudicial as to call for reversal of the judgment, because, upon consideration of the undisputed facts and circumstances, we are satisfied that, if the testimony had been admitted, it would not have affected the result; for the evidence is susceptible of no other reasonable inference than that, notwithstanding the alleged declared intention of testator, he did, nevertheless, change the channel of the creek so as to put portions of each tract adjacent to and apparently in the other, and actually had tract No. 21 resurveyed and platted so as to show that the land in dispute was included in it. This was such an unequivocal expression of his intention that it would require clear and satisfactory evidence of a subsequently formed contrary intention to prevent effect being given to it.

While it is true that a change in the location of a stream or way that is a boundary between adjacent owners does not change the location of the boundary, it is equally true that where one person acquires titles to several distinct parcels of land so bounded, they become united into one tract (*Alston v. Collins*, 2 Speers, 450); and if the owner changes the previously existing boundary between them by relocating the stream or way, so as to show that the change was intended to be permanent, and thereafter devises or conveys the several tracts with reference to the stream or way as the boundary between them, it will be presumed that he intended the stream or way as it existed at the time the devise or conveyance takes effect. *Baynard v. Eddings*, 2 Strob. 374; 5 Cyc. 907-8, 940. Of course, if the intention to limit the devise or conveyance by the old boundary is made manifest, effect will be given to it. The rule is applied with regard to easements created by the owner during the unity

of title, when they appear to be permanent and are necessary to the enjoyment of the several parcels. *Elliott v. Rhett,* 5 Rich. 406, 52 Am. Dec. 750; *Charleston Rice Milling Co. v. Burnett,* 18 S. C. 254.

Upon all the evidence, even if the conversation between plaintiff's father and mother had been admitted, no honest and intelligent jury could have found otherwise than that testator intended the new channel of the creek to be the boundary line between the devises to his son and daughter.

Appellant's next complaint is that the Court erred in charging that the issue is, "Where is Cane Creek?" Appellant says the issue was, Where is the true boundary between plaintiff's and defendants' land? And that is true. But, in ascertaining whether the remark was prejudicial, we must consider it in the light of the circumstances under which it was made and of the whole charge. The remark complained of is found in the following colloquy between the Court and respondents' counsel, at the conclusion of the charge, in response to the Court's question, "Anything else, gentlemen?"

Mr. Hughs: May it please your Honor, under your ruling yesterday, as I understood it, the only issue for the jury to determine was, Where is Cane Creek? as the written instruments show Cane Creek to be the line.

Court: Yes; I so ruled. The instruments say the creek was the line—Cane Creek.

Mr. Hughs: And one other thing, if you please, sir, in connection with that request to charge as to the line agreed upon: But if the jury find from the evidence that a line has been agreed upon, but if they were mistaken as to the true line, when the true line is found it will govern.

Court: Oh, yes, certainly; unless this adverse possession comes in.

Mr. Hughs: That must be ten years.

Court: Just as I have explained.

Mr. Shelor: Your Honor, ought not the jury, provided they find the old creek run, ought not they locate that line? This plat don't do it.

Court: Well, it is not for me to say about that, whether it does or not. That is a matter you can—I suppose the Court would have to appoint a surveyor.

The Court had instructed the jury repeatedly, both in the general charge and in giving appellant's request, that the issue for them to decide was whether testator intended the old or new run of Cane Creek to be the line between the two tracts, and the jury must have understood the remark to mean, Where is the Cane Creek referred to as the boundary —the old or the new channel? For there was no dispute whatever as to the actual location of the creek. The remark of Mr. Shelor, above quoted, shows that respondents' attorneys still understood that the jury were to find whether the old or the new run of the creek was the line, and the jury could not have understood otherwise; for really there was nothing else for them to decide, as there was no doubt whatever as to the actual location of the stream as it now is; and the actual location of the old run would have been a matter for future determination, if the jury had found that to be the line.

Upon consideration of all the evidence in the case, we are satisfied that no fair jury could have found for plaintiff, even if the errors pointed out had not been committed, and, therefore, we conclude that they were not prejudicial. *Dennis v. Ry.,* 93 S. C. 295, 76 S. E. 711.

Judgment affirmed.