## DILLARD v. SAMUELS.

1. A trial justice has jurisdiction of an action for the claim and delivery of personal property and damages for the detention thereof where the amount involved does not exceed one hundred dollars.
2. In action of claim and delivery, the plaintiff is not required to give bond unless he demands immediate possession of the property.
3. In a trial justice's court the pleadings are not required to be in any particular form.

4. The trial justice erred in refusing to permit defendant to cross-examine generally a witness produced by the plaintiff; and a new trial was granted, notwithstanding the defendant afterwards produced and examined this same witness in his behalf.

Before WITHERSPOON, J., Fairfield, June, 1885.

To the case as stated in the opinion, it may be added that the witness Groeschel was the clerk and brother-in-law of defendant and was put up by plaintiff only to prove the execution of a receipt on the back of a mortgage.

*Mr. O. W. Buchanan,* for appellant.

*Mr. J. W. Hanahan,* contra.

August 3, 1886. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This was an action of claim and delivery of personal property before a trial justice and a jury. No bond was given by the plaintiff. An amendment was allowed inserting in the summons an allegation claiming as damages eight dollars for detention of the property. The words of the summons were "that L. Samuels is in unlawful possession of certain personal property of him the said Thomas Dillard, viz., a one-horse wagon, which has been converted into a two-horse wagon," &c. The defendant denied that the courts of trial justices have jurisdiction of an action for claim and delivery of personal property; but if so, this action could not be maintained, for the reason that the summons did not state "that the plaintiff was entitled to the possession of the wagon," and the plaintiff was not required to give bond before action brought. The court overruled the objections, holding that the code gave the jurisdiction, that the summons sufficiently stated plaintiff's title to the property; and, as immediate possession of the wagon was not demanded, a bond by the plaintiff was unnecessary.

There was much testimony on both sides, and during the progress of the trial, "I. Groeschel, agent of the defendant in the action, was called by the plaintiff as a witness. Counsel for defendant then proposed to ask him (witness) questions tending

to bring out the defendant's case. It was ruled that it was proper to defer the examination of witness as to these matters until after plaintiff had closed, and that while such examination was entirely proper after the plaintiff had closed, yet at this particular stage of the proceeding it was improper. (Defendant excepted.) After the plaintiff had rested, the witness, Groeschel, was fully examined by counsel for the defendant." The trial justice charged the jury "that they had the right to take into consideration their own knowledge of the character of the witnesses offered by the other side; that in determining what weight they should give to the testimony of the witnesses, they could take into consideration their character as known to themselves, even if there was no testimony offered as to their reputation for truthfulness or untruthfulness," &c. The jury found for the plaintiff "the wagon in dispute, and, if it cannot be found, fifteen dollars."

The defendant appealed to the Court of Common Pleas, and the Circuit Judge having affirmed the judgment below, he appeals to this court upon the following exceptions: I. That his honor erred in holding that a trial justice court has, under the constitution, jurisdiction of the action of claim and delivery of personal property, where there is also a claim for damages in the action, for the detention of the property. II. That his honor erred in holding that the defendant had not been prejudiced by the refusal of the trial justice to allow cross examination of an important witness to bring out the defendant's case, save and except as to matters brought out on the direct examination; whereas said ruling was erroneous, and if the cross examination had been allowed, the plaintiff would not have been allowed to impeach the witness by asking him and other witnesses if he had not made different and contradictory statements; and such action on the part of the trial justice did cause prejudice to the rights of the defendant. III. That his honor erred in holding that the trial justice's summons was sufficient; whereas it does not state on its face that the plaintiff was entitled to the possession of the property, and although this objection had been raised in the court below, and also argued before his honor. IV. That his honor erred in confirming said action of the court below, that the jury had a right to judge of the character of the witnesses from

their own knowledge of them, even in the absence of testimony to that fact, and although said objection was argued before his honor, and in substance was one of the exceptions to the judg-ment below.

First. Sub-division 11 of section 71 of the Code, gives juris-diction to trial justices in "an action to recover the possession of personal property claimed, the value of which, as stated in the affidavit of the plaintiff, his agent or attorney, shall not exceed the sum of one hundred dollars." We do not see that this pro-vision is in conflict with that of the Constitution, section 22, article IV., which declares that "justices of the peace shall have such jurisdiction as may be provided by law in actions *ex delicto*, when the damages claimed do not exceed one hundred dollars." The constitution limits the power to give jurisdiction to cases where the damages claimed do not exceed one hundred dollars, and the code only undertakes to give it when the property does not exceed in value that sum. If we assume that the provision of the code contemplated the value of the property in the light of damages, then the only effect would be to limit the jurisdiction to cases in which the value of the property added to the specific damages claimed, would not exceed one hundred dollars. In this case the value of the property was stated to be twenty, and the damages for detention eight dollars. We think the trial justice court had jurisdiction.

Second. As to the third exception. The same section of the code above cited does provide that the plaintiff may, at the time the action is brought, but not after, "claim the immediate delivery of the property," and if he does so, he must enter into an under-taking with sureties, &c. - But if he makes no such claim, it is enough, as we understand it, that the affidavit of the plaintiff should state the value of the property, &c., and that "the plain-tiff is the owner, or entitled to the immediate possession of the property claimed." The summons stated "that L. Samuels is in unlawful possession of certain personal property (describing it) belonging to him, the said Thomas Dillard," &c. This was not in the exact words of the law, that "the plaintiff is the owner," but it was substantially the assertion of title to the property. The trial justice court is not a court of record. Pleadings are

not required to be in any particular form, but must be such as to enable a person of common understanding to know what is intended. "Upon hearing the appeal (from the judgment of a trial justice) the appellate court shall give judgment according to the justice of the case, without regard to technical errors and defects, which do not affect the merits," &c.

Third. But while technicalities are overlooked, there are some requirements as to the forms of procedure in trial justice courts. Sub-division 15, of section 88, of the Code positively declares, "that the provisions of the code of procedure, respecting forms of actions, parties to actions, the rules of evidence," &c., shall apply to these courts. The rule of evidence is well settled in this State, "that in the cross-examination of a witness, counsel may ask him questions bearing upon the whole case, so as to bring out matters of independent defence, and are not confined to the matters testified to in the examination in chief." *Kibler* v. *McIlwain*, 16 *S. C.*, 551. According to this rule, it was error in the trial justice to refuse the defendant's counsel permission to cross-examine generally the witness (Groeschel), when put on the stand and examined as a witness by the plaintiff; and the Circuit Judge, upon that ground, should have ordered a new trial.

It did appear in the argument for the plaintiff in this court, that the Circuit Judge, after dismissing the appeal, made a statement as follows: "With reference to the second ground of appeal, I stated before signing the order that the trial justice had erred (as was admitted by plaintiff's counsel) in limiting the defendant in his cross-examination of plaintiff's witness, Groeschel, to matters brought out on the direct examination. But as it appeared from the testimony as well as the report of the trial justice, that the witness had subsequently been examined fully by the defendant, I did not regard this error as material or prejudicial to defendant," &c. We have no doubt whatever, that the Circuit Judge honestly thought that the error was not "material or prejudicial to defendant." But the defendant complains that it did prejudice his case, and it is difficult to affirm with certainty that it did not. We can well understand how it might do so in several ways, and as it was admitted error, we think it the

safer course to require compliance with the admitted rule upon the subject.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the case remanded for such orders as may be proposed in conformity with the conclusion herein announced.