8393

DENNIS v. COLUMBIA ELECTRIC STREET RAILWAY, LIGHT AND POWER CO.

1. EVIDENCE—WITNESS—REPUTATION.—Asking a plaintiff in a civil suit on tort if he did not drink; if he was not boisterous when drinking; if he did not get shot while drunk; and proof that he was intoxicated at a certain time and was under the influence of whiskey while injured, is not such direct attack on witness' reputation as a peaceable, law-abiding citizen as to make evidence admissible of witness' good reputation in reply.

2. CARRIER—PASSENGER.—The limitation of the doctrine that a carrier is liable for injury to one passenger caused by the violent and wilful act of a fellow passenger by the principle that *only* when the carrier has knowledge of the existence of the danger or of facts and circumstances from which the danger may have been reasonably anticipated, does not apply where the undisputed evidence shows the carrier had actual notice of all the facts and circumstances.

3. APPEAL—JUDGMENT.—Where the record shows that any fair jury would have rendered the same verdict, reversal will not be adjudged where the errors committed do not go to the merits.

Before WILSON, J., Richland, October 1911.   Affirmed.

Action by George W. Dennis against Columbia Electric Street Railway, Light and Power Company. Defendant appeals.

*Messrs. Elliott & Herbert,* for appellant, cite: *Evidence of good character in reply was incompetent:* 49 S. C. 420; 12 Rich. 654; 83 S. C. 36; 3 Ency. 12, 17, 18; Jones on Ev., sec. 158. *Liability of carrier for injury to one passenger from acts of another:* 84 S. C. 19; 77 S. C. 434.

*Mr. Frank G. Tompkins,* contra, cites: *The only objection offered to the reputation evidence being that it was not in reply that is the question here, and admission of such evidence is discretionary with trial Judge:* 76 S. C. 142, 532; 68 S. C. 133. *But the evidence was competent:* 67 S. C. 495; Green, sec. 54; 5 Rich. 153. *Appellant should have requested limitations on the doctrine announced:* 70 S. C. 148; 88 S. C. 388; 81 S. C. 152; 75 S. C. 390.

December 18, 1912.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   Plaintiff recovered judgment for $1,000 damages for his wrongful ejection from one of defendant's cars, and for personal injuries sustained by him in consequence of his having been thrown from the car while it was in motion.

Besides denying material allegations of the complaint, the defense was that "plaintiff's conduct was unruly, disorderly and disrespectful, and that he refused to obey the instructions of the conductor, and insisted on ringing up fares, whereupon several men who were in the car ejected him, but that he was not ejected with such manner as to injure him."

Defendant's attorney asked plaintiff on his cross-examination, if he did not drink, if he was not boisterous, when drinking, and if he did not get shot while he was drunk,—

all of which plaintiff denied. Defendant also under-
took to prove by one or more witnesses that plain-
tiff was intoxicated at a certain time indicated, and
that he appeared to be under the influence of liquor when
he was ejected.

On the reply, the plaintiff was allowed to introduce testi-
mony to prove his good reputation as a peaceable, law-
abiding citizen, and the admission of that testimony consti-
tutes the first ground of appeal.

In *McKensie* v. *Allen,* 3 Strob. 546, the Court said: "It
is a well settled rule that, as evidence is to be confined to
the point in issue, the character of either party cannot be
inquired into, in a civil suit, unless it is put in issue by the
nature of the proceeding itself." To the same effect is
*Chapman* v. *Cooley,* 12 Rich. 654, the syllabus of which
reads as follows: "The character of a witness can be
defended by evidence only when it is directly assailed by
evidence; when, therefore, a witness is attacked by evi-
dence of previous statements in conflict with his deposition,
evidence of his general good character is inadmissible." Of
course, the general principle stated above does not apply to
the class of cases mentioned in *Smith* v. *Lafar,* 67 S. C.
491, 46 S. E. 332, where the character of a party is put in
issue by the nature of the proceeding itself.

Neither by the cross-examination, nor by the evidence of
intoxication offered by defendant was there any direct
attack made upon plaintiff's reputation as a peaceable, law-
abiding citizen. Therefore, under the authorities cited, we
must hold that it was error to admit the evidence complained
of. But, for the reason stated at the end of this opinion,
we do not think the error calls for a reversal of the judg-
ment.

Appellant's next assignment of error is that the Court
charged plaintiff's fourth request, to wit: "That a common
carrier is bound to use the highest degree of care to protect

its passengers from the violence of other passengers, and if one passenger be injured by the violent and wilful act of another while on the cars of a common carrier, and such carrier had not exercised the highest degree of care to protect such passenger, he would be entitled to recover."

The error assigned is in not modifying the request by charging that the rule therein stated applies only when the carrier has knowledge of the existence of the danger, or of facts and circumstances from which the danger may be reasonably anticipated.

Ordinarily, the principle contained in the request is subject to the modification suggested by appellant. *Franklin* v. *R. Co.,* 74 S. C. 340, 54 S. E. 578; *Anderson* v. *R. Co.,* 77 S. C. 434, 58 S. E. 149; *Norris* v. *Ry.,* 84 S. C. 15, 65 S. E. 956. But such modification has no application, when the undisputed evidence shows that the carrier did know of the existence of the danger, or of facts and circumstances from which it might have been reasonably anticipated, and made no effort to avert it. *Spires* v. *R. Co.,* 92 S. C. 564, 75 S. E. 950.

The undisputed evidence in this case, stated most strongly for defendant, shows that plaintiff was thrown from the car while it was in motion, in the presence of the conductor, who saw what was being done, if he did not assent to it and assist in doing it, and that he made no effort whatever to stop the car or to prevent plaintiff from being thrown out—not even by commanding the person who was most active in doing it to desist. We do not think there is any evidence in the case which could induce the belief in the mind of a reasonably intelligent juror that the conductor did not know of the danger to plaintiff, and that he made no effort to protect him. The fellow passenger who seems to have been most active in ejecting plaintiff was a witness for defendant, and he testified that, when he went to the assistance of the conductor, the plaintiff and the conductor were clinched, and

he asked the conductor what was the trouble, and the conductor replied, "He won't pay his fare, and I want him off." That testimony was corroborated by the plaintiff and all his witnesses, and by all the facts and circumstances of the case, except the testimony of the conductor himself. But, notwithstanding his assertion that he did not want him off, and did not ask for help to put him off, and did not know that he was going to be thrown off by the passenger who came to his assistance, there is one undisputed fact in evidence which leads irresistibly to the conclusion that the conductor failed to exercise that degree of care for the protection of plaintiff, as a passenger, which the law enjoins upon carriers: He saw him thrown off, and saw him following the car for some distance after he had been thrown off, and did not stop, or attempt to stop, and let him get on again.

The evidence in this case compels the conclusion that, notwithstanding the errors alleged, any fair-minded jury would have found a verdict for the plaintiff. And considering the indignity to which plaintiff was subjected and the serious injury which he sustained, according to the undisputed evidence, the verdict was as moderate in amount as any fair jury could have found.

In *Mfg. Co.* v. *Casualty Co.*, 78 S. C. 81, 58 S. E. 969, the following wholesome principle, in the disposition of appeals, was announced by this Court: "We do not say there was not a *scintilla* of evidence supporting the defense; and if the verdict had been for the defendant, the *scintilla* would have prevented this Court from ordering a new trial for lack of facts to sustain the defense. But this Court should not order a new trial where, from an examination of the record, it has no doubt the verdict of any fair jury would have been the same, even if no error had been committed. In such a case, the errors should be regarded not prejudicial."

Affirmed.

MR. JUSTICE FRASER *concurs in the result.*