14589

SPURLIN v. COLPROVIA PRODUCTS CO.

(194 S. E., 332)

452

454

*Messrs. Sloan & Sloan* and *Tobias & Turner,* for appellant, cite:

*Messrs. C. T. Graydon* and *Jeff D. Griffith* for respondent.

December 17, 1937.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This action was commenced in the Court of Common Pleas for Richland County on January 18, 1937, and was

brought to recover damages for the alleged wrongful death of the plaintiff's testate, which resulted from injuries claimed to have been received by him while "riding as a passenger" in a truck of the defendant. The appeal is from an order of his Honor, Judge Bellinger, refusing the defendant's motion "to make the complaint herein more definite and certain" and "to strike therefrom irrelevant and redundant matters." The particulars in which it was sought to require the plaintiff to do this are fully set forth in the Court's decree, and will not be repeated here.

It appears that so much of the order as denied the appellant's request to require the plaintiff to make her complaint more definite and certain in the particulars stated under (1) of the motion, is not appealable before final judgment. *Boyle Company v. Automobile Insurance Company of Hartford,* 168 S. C., 63, 166 S. E., 886. But even if it were so appealable, there was no error. As pointed out by the circuit Judge, the fact whether the plaintiff's testate was a guest without payment of transportation charges or a paid passenger riding on the truck is solely within the knowledge of the defendant. *Hughes v. Orangeburg Manufacturing Company,* 81 S. C., 354, 62 S. E., 404.

We have held, however, that: "If a motion is made to require the plaintiff to make his complaint definite and certain by stating the causes of action separately, when the allegations of the complaint are appropriate to two or more causes of action, the refusal of such motion necessarily involves the merits." *Hawkins v. Wood,* 60 S. C., 521, 39 S. E., 9, 10. Such order therefore affects a substantial right, and is appealable before final judgment.

The contention of the appellant here is that the "allegations of the complaint are appropriate to two causes of action, to wit: a cause of action embraced under the guest statute, and a cause of action not embraced thereunder," and that the Circuit Judge erred in overruling the defendant's

motion to require the plaintiff to divide the two causes of action, and to state them separately.

We think the Circuit Judge properly disposed of this question. As alleged by the plaintiff, the action was brought for the benefit of those entitled to recover under what is commonly known as Lord Campbell's Act. Code 1932, §§ 411, 412. At common law, as has been pointed out in many decisions, there was no right of action for an injury causing death. Hence, the death statute gives a right of action where none existed before. As indicated in the Circuit decree, the plaintiff has no way of knowing whether her decedent, at the time he received the injuries resulting in his death, was riding upon the truck as a guest or as a paid passenger. If it should be shown on trial of the case that he was a guest without payment of transportation charges, then the allegations of "negligence" and of "carelessness" would be regarded as surplusage and the right of plaintiff to recover for the death of her decedent would be determined under the provisions of the guest statute. However, if that fact, if fact it be, should not appear from the evidence, then the provisions of the guest statute, Code 1932, § 5908, would not apply. Upon full consideration we are satisfied with the conclusions reached by Judge Bellinger, and we approve the result of his decree.

The order appealed from, which will be reported, is affirmed.

Messrs. Justices Bonham, Baker and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.