15723

GASKINS v. FIREMEN'S INSURANCE CO. OF NEWARK, N. J.

(33 S. E. (2d), 498)

214

*Messrs. Williams & Stewart,* of Lancaster, S. C., Counsel for Appellant,

*Mr. James E. Leppard,* of Chesterfield, S. C., Counsel for Respondent,

March 16, 1945.

Mr. Associate Justice Fishburne delivered the unanimous Opinion of the Court.

The plaintiff sued upon an oral contract to insure. The facts show that in the early part of August, 1935, the plaintiff applied to the defendant's agent at Chesterfield for a fire insurance policy on his dwelling house in the sum of $1,200.00. It was agreed that $600.00 of this insurance would be placed with the appellant, Firemen's Insurance Company of Newark, New Jersey. A policy for one year bearing date August 10, 1935, was written by appellant's agent in accordance with this agreement, but not delivered.

Shortly thereafter the plaintiff was informed by the insurance agent at the latter's office that The Federal Land Bank of Columbia, holder of a mortgage covering plaintiff's premises, carried insurance on his dwelling house, and that no additional insurance could be issued until after the payment of the bank's mortgage, or until the insurance carried by the Bank had been cancelled. The agent at this second conference agreed with the plaintiff, for a stated premium of $22.00, to insure his dwelling house for a period of one year with the appellant, effective immediately upon the cancellation of the policy carried by The Federal Land Bank. The insurance held by the Bank was subsequently cancelled, on December 10, 1935, but appellant's agent failed and neglected to insure the plaintiff as agreed upon. The plaintiff's dwelling house was destroyed by fire on November 22, 1936.

This action was instituted following the refusal of appellant to pay the loss.

As shown by the evidence, W. J. Eddins was not only the agent of the appellant at Chesterfield, but was also the secretary and treasurer of the Wamble Farm Loan Association which handled loans as an agent of The Federal Land Bank of Columbia. The plaintiff made all of his payments on the real estate mortgage to The Federal Land Bank through Mr. Eddins, its agent; and this indebtedness was paid in full on February 5, 1936. It may reasonably be inferred that the agent knew when first approached by the plaintiff in August, 1935, that the latter contemplated the early discharge of the mortgage indebtedness and wished to insure his property with an insurance company which maintained a local agent in Chesterfield.

The case was submitted to the jury and resulted in a judgment and verdict thereon for the full amount claimed, together with interest. Appellant appeals from the denial by the lower court of its motions for a nonsuit, directed verdict and a new trial, which motions were made upon the ground that the evidence showed conclusively that no contract existed between the plaintiff and the defendant at the time of the destruction of plaintiff's property by fire.

Appellant contends that the proof fails to establish that a valid insurance contract was entered into between the plaintiff and the defendant, in that the oral agreement did not definitely fix the date of the commencement of the risk, the premium to be charged, or the company in which the insurance was to be placed.

As to proof, there is nothing peculiar in contracts of insurance. So far as the law is concerned, an insurance contract does not differ from other contracts. If the minds of the parties have met in regard to the essential parts of the agreement, it does not matter whether the form of the contract is written or oral. The power to make com-

pleted oral contracts of insurance, as well as executory agreements to insure in the future, is now sustained by practically all of the cases, in the absence of charter or statutory regulations forbidding them. *Stickley v. Mobile Ins. Co.,* 37 S. C., 56, 16 S. E., 280; *Fulmer v. London, Liverpool & Globe Fire Ins. Co.,* 172 S. C., 525, 174 S. E., 466; 29 Am. Jur., Sec. 127, Page 143; Annotation, 92 A. L. R., 232.

■ Oral contracts of insurance, like other insurance contracts, must be definite and certain. All parties must agree upon the necessary terms, including those in relation to the subject-matter insured, the risk insured against, the commencement and duration of the risk, the amount of insurance and the premium to be paid *Fulmer v. London, Liverpool & Globe Fire Ins. Co., supra.*

Appellant argues that there is no liability for the loss, because these matters were left undetermined; the amount of premium to be paid, the date when the contract of insurance should become effective, and the name of the insurance company with which the insurance was to be placed. In our opinion, this contention cannot be sustained as shown by the evidence heretofore referred to.

■ Taking the testimony as a whole and viewing it in the light most favorable to the insured, we cannot escape the conclusion that a valid contract to insure was consummated between the appellant and respondent to take effect as of December 10, 1935, the date on which the insurance held by The Federal Land Bank was cancelled. The insurance contracted for was to be effective for a period of twelve months from that date, and it was during this period that the plaintiff's dwelling house was destroyed by fire.

The testimony shows that Mr. Eddins, the defendant's agent, withheld and never delivered the original policy he prepared, because of the existence of the insurance held by The Federal Land Bank. As already stated, all payments made by the plaintiff on the real estate mortgage held by

The Federal Land Bank were made to and passed through the hands of Mr. Eddins, who was not only the agent of the Bank, but also the agent of the defendant insurance company; and the amount of the premium to be paid was agreed upon. Later, some time in August, 1936, Mr. Eddins went to the farm of the plaintiff for the purpose of collecting the premium, as to which he had extended credit, and was assured that it would be paid in the fall of that year.

None of the testimony, which made out a prima facie case of liability, was contradicted by the insurance company, although it is apparent from the record that its agent, Mr. Eddins, was available as a witness. Appellant's unexplained failure to call him warrants the inference that his testimony if it had been presented would have been unfavorable to its contention. *Wingate v. Postal Telegraph & Cable Co.*, 204 S. C., 520, 30 S. E. (2d), 307; *Ex parte Hernlen,* 156 S. C., 181, 153 S. E., 133, 69 A. L. R., 443.

Appellant assigns as error the ruling of the trial judge admitting in evidence over objection, photostatic copies of two letters: One from W. J. Eddins, as secretary-treasurer to The Federal Land Bank, of date November 18, 1935, and a reply letter to Mr. Eddins of date December 6, 1935, from the Accounting Division of the Bank, both dealing with the mortgage indebtedness of the plaintiff and the fire insurance covering his dwelling house held by the bank. They were admitted by the trial court upon the theory that inferentially at least they indicated that a request had been made by Eddins that the insurance policy held by the Bank be cancelled so that he could issue the new policy agreed upon with the plaintiff.

These letters should have been excluded. They constituted secondary evidence, and no foundation at all was laid for their introduction as such.

Although a violation of the established rules of evidence is always error, it is not always available for a reversal of the judgment. To accomplish a reversal, it must be made to appear not only that the ruling complained of is erroneous, but also that it is material and prejudicial, amounting to a denial of some substantial right. *Halsey v. Minnesota-South Carolina Land & Timber Company,* 174 S. C., 97, 177 S. E., 29, 100 A. L. R., 1; *Bonner v. Pullman Co.,* 160 S. C., 531, 159 S. E., 382, 76 A. L. R., 922.

Nor should a new trial be ordered where from an examination of the record the court entertains no doubt that the verdict of any fair jury would have been the same, even if no error had been committed. *Lowe v. Ottaray Mills,* 93 S. C., 420, 77 S. E., 135; *Edgefield Manufacturing Co. v. Maryland Casualty Co.,* 78 S. C., 73, 58 S. E., 969; *Snipes v. Augusta-Aiken Ry. & Electric Corporation,* 151 S. C., 391, 149 S. E., 111.

It was not essential to the plaintiff's cause of action to affirmatively prove that Eddins, the agent of appellant and of the Bank, knew when the policy contract held by The Federal Land Bank was in fact cancelled, or that he sought to have it cancelled. The case as made out by the insured was complete without reference to this objectionable evidence. The action was based upon a complete and definite contract to the effect that the insurance on plaintiff's dwelling house would become effective from the date of the cancellation of the policy held by the bank. This was the obligation the appellant undertook to perform. The letters referred to constituted merely cumulative evidence of light weight, which we do not think could have influenced the jury adversely to the appellant. Nor is there anything in the record to indicate that a new trial would result in a verdict different from that already reached. While the introduction of the letters was improper, we are of the opinion that it was nonprejudicial.

Judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUS-
TICES STUKES, TAYLOR and OXNER concur.