16933

MRS. MARGARET JOINER, Respondent, v. W. T. FORT, Appellant

(84 S .E. (2d) 719)

*Messrs. Weinberg & Weinberg,* of Sumter, *for Appellant,*

*Messrs. Nash & Wilson,* of Sumter, *for Respondent,*

*Messrs. Weinberg & Weinberg,* of Sumter, *for Appellant,*

November 18, 1954.

G. BADGER BAKER, Acting Associate Justice.

On September 5, 1952, the defendant-appellant, a heating contractor, was engaged· in cleaning the heating system of the First Baptist Church in Sumter, S. C. The heating system consists of a central unit from whence the heat is conducted through ducts to floor vents and into the church. These register or floor vents are the usual and normal size and covered with a removable metal grafting fitted to the floor level. Connected with the auditorium of the church is an annex or overflow section, sometimes used for Sunday School purposes. This annex when not in use as a part of the auditorium is closed and made a separate entity by means of a series of folding and sliding doors. These doors are divided into two sections which are folded and pushed in opposite directions to join the annex and the auditorium. There are floor vents in the main auditorium and annex.

One of the heating apertures in the annex is located about one foot from the door or doors when closed, which vent is the one involved in this action.

Prior to the noon hour of September 5, the agents or servants of appellant were repairing or cleaning the vent in the annex adjacent to the sliding doors and had removed the protective covering or grate therefrom. At midday the workmen had not completed the necessary work on this vent and when leaving for the lunch and rest period they did not replace the grate. The workmen, two in number, were using an electric lamp at the end of an extension cord. One of the workmen testified the light, which was left on the floor by the hole, was not cut off, but the other could not remember whether they left the light burning. The respondent, Mrs. Margaret Joiner, and her witnesses testified the light was not burning, which factual issue was decided by the jury adverse to appellant.

A few minutes after noon, respondent entered the auditorium of the church to assist the florist, Mr. J. J. Waters, Jr., in arranging the decorations for a wedding to be performed on the night of September 6th, the rehearsal to be held during the evening of the 5th. Respondent was not an employee of the florist and had gone to the church at the request of the family of the bride-elect. Mr. Waters arrived at the church prior to respondent. He carried his equipment into the auditorium and turned on a few of the lights. Respondent came in and began working in the pulpit area of the auditorium. At this time the sliding doors were closed, whereupon the florist attempted to push them open in order to use the annex space for the wedding. After he had opened them for several feet the doors near the pulpit area stuck, so the florist went around the doors on the annex side to release the door where it was caught, and in the process stepped into this hole which he did not see for lack of visibility. Mr. Waters was not injured and succeeded in opening the doors several more feet but they stuck again, leaving the open vent behind the stuck doors and only a step or

two from the door opening. Mr. Waters again attempted to loosen the doors on the auditorium side. The respondent, observing the difficulties the florist had encountered, and being familiar with the eccentricities of these sliding doors, left the place where she was working to aid and assist Mr. Waters. She went to the entrance of the partly opened doors, turned and took a step or two, going towards the long slot into which the doors would be pushed, and stepped into the open vent, receiving severe and painful injuries. Mr. Waters testified that prior to the entry of respondent into the annex he "made mention" that he had stepped into the hole, but that respondent gave no indication of having heard him. Respondent says she did not hear any statement from her co-worker about the hole and had no reason to anticipate the existence of the open vent. Neither the florist nor respondent turned the lights on in the annex before going in although the light switch was available, but the location of this switch, as contained in the record, is somewhat indefinite.

Suit was thereafter brought against appellant on the theory that appellant's agents and servants negligently and willfully left the vent open without placing any guard or warning over the hole to protect anyone in the church. The appellant denied negligence or willfullness and pleaded contributory negligence and willfullness on the basis that respondent, knowing the visibility in the annex was poor, elected to enter without turning on the lights and attempted to walk over the overflow section when she knew or should have known to do so was unsafe.

A motion for a directed verdict in behalf of appellant was refused by the Presiding Judge and the case submitted to the jury following his instructions on the principles of law. The jury returned a verdict for respondent in the amount of $7,500.00, actual damages. Appellant then presented a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, which motions were refused.

There are three exceptions which raise four questions, to wit: (1) Has actionable negligence been established against appellant; (2) Was respondent guilty of contributory negligence as a matter of law; (3) Are medical expenses recoverable by a wife in an action for her bodily injuries; and (4) Is the verdict so excessive as to reflect bias and prejudice by the jury?

The first question, asserting absence of actionable negligence, comes from appellant's exception imputing error in the trial Judge's refusal to direct a verdict, and after verdict, refusing to grant appellant's motion for judgment *non obstante veredicto*. In support of the absence of actionable negligence appellant cites the well known principle of law contained in many cases, including *Woody v. South Carolina Power Company,* 202 S. C. 73, 24 S. E. (2d) 121, 125, that "One is not charged with foreseeing that which is unpredictable or that which could not be expected to happen." There is the corollary to this rule that "Liability for negligence is not predicated upon the necessity that the wrongdoer should foresee that an injury would result from his wrongdoing. It is sufficient that in view of all the attendant circumstances, he should have foreseen that his negligence would probably result in injury of some kind to some one." *Tobias v. Carolina Power & Light Co.,* 190 S. C. 181, 2 S. E. (2d) 686, 688.

Appellant contends that he merely created a condition, which was unactionable since it could not be reasonably foreseeable that someone would come to this church on Friday, September 5, 1952, that a third party would have cut off the lights, that the sliding doors would be opened and someone, without turning on the lights, would enter the annex and step into the open vent.

Churches are so closely interwoven with our community life that it is to be expected one or more members of the congregation will enter the building any day during the week, not only for the purposes of Christian gatherings but also to make the necessary preparations

for an impending event such as a wedding. So predominant is the use of the facilities of a church that evidence is not required to support anticipation of entry, but common knowledge is sufficient upon which to base the necessary foresight.

The architectural arrangement of this church, already described, is such that in reasonable anticipation it was probable the annex would be used in conjunction with the main auditorium, that one would open the sliding doors and enter therein. Whether or not a light was left by the hole was an issue for the jury and no longer a factor on the question of actionable negligence. Entering the overflow section without turning on the lights appears a matter within the issue of contributory negligence rather than actionable negligence.

It cannot be ruled as a matter of law that respondent negligently contributed to and caused her injury. The dangerous condition created by the open vent was known to appellant, but it was not known to respondent, nor did she as a person of. ordinary prudence have any reason to expect a vent to be open. Whether or not the respondent should have turned on the lights in the annex before entering therein was an issue to be determined by the jury, but this element becomes weak in view of the fact that respondent did not intend to traverse any extended area, but only to go behind the sliding doors for a very short distance. She did not trip over an object lying upon or resting upon the floor but received her injury from a source not to be reasonably anticipated.

In the cases of *Bolen v. Strange,* 192 S. C. 284, 6 S. E. (2d) 466, and *Wilson v. F. W. Woolworth Company, S. C.,* 83 S. E. (2d) 166, cited by appellant, the defects causing the injuries were so open and obvious as to leave the one and only reasonable inference that contributory negligence existed. More closely related is *Smiley v. Southern Ry. Co.,* 184 S. C. 130, 191 S. E. 895, 900, in which the plaintiff stepped into an open drain while crossing the premises of the defendant. This Court in holding that contributory neg-

ligence was properly submitted to the jury, stated: "The plaintiff's conduct in trotting across this area in the nighttime subjected him to the risks of tripping and falling on the rails and cross-ties, of which he was expected to know and of which he was taking his chances, but he had no reason to know of, or expect to encounter this hole."

The next question is whether the verdict was so excessive as to show prejudice, bias and partiality by the jury. The extent of the respondent's injuries, suffering and disability as reflected by the verdict finds ample support in the testimony. Respondent suffered fractures of two ribs and the upper end of the left humerus, which is the large bone in the arm, the upper end being the portion that joins the shoulder. There has been pain and suffering, intense at times, hospitalization, and impairment of the use or efficiency of the arm. Combining the total injuries with the value of the present dollar, the verdict of the jury is not indicative of excessiveness, bias or prejudice.

The last question is whether the Trial Judge erred in admitting testimony as to medical and hospital expense and submitting these items to the jury as an element of respondent's damages. These bills were paid from the proceeds of an accident or hospitalization insurance policy in which respondent was the insured, but premiums paid by her husband.

In *Jeffords v. Florence County,* 165 S. C. 15, 162 S. E. 574, 576, 81 A. L. R. 313, it is held " 'that the receipt of money on an accident insurance policy, by one who has suffered a personal injury, does not preclude a recovery, or lessen the amount recoverable, from the person who is responsible for the injury.' " It is of no consequence who paid the premiums, respondent or her husband. She was the insured, the policy was hers, and the proceeds the property of the insured.

There is no evidence that the husband contracted for the services rendered to the respondent, only that he paid these expenses from the proceeds of the policy respondent turned over to him, presumably for the purpose of payment.

Under the case of *Glenn v. Gerald,* 64 S. C. 236, 42 S. E. 155, quoted with logical extension in *In re Johnson's Estate,* 198 S. C. 526, 18 S. E. (2d) 450, the respondent could have been held liable for these expenses and it follows they constitute proper elements of her damages.

Appellant's exceptions are without merit, and judgment affirmed.

STUKES, TAYLOR, OXNER and LEGGE, JJ., concur.