## 18690

Sallie Turner POWERS, Appellant, v. Harry R. TEMPLE, Respondent

(156 S. E. (2d) 759)

Messrs. *James W. Alford, Whaley, McCutchen, Blanton & Richardson* and *Fulmer, Barnes, Berry & Austin,* all of Columbia, *for Appellant,*

152

*Messrs. Turner, Padgett, Graham & Laney,* of Colum-
bia, *for Respondent,*

August 9, 1967.

BUSSEY, Justice.

In this action plaintiff-appellant seeks to recover damages for serious personal injuries sustained by her on No-

vember 29, 1961, while she was riding as a guest in an automobile owned and operated by the defendant, which collided with the rear end of a vehicle being driven by Mrs. Mazzie Nichols on U. S. 76 some twenty miles east of the City of Columbia. The appeal is from an order of the trial judge denying a motion for a new trial, following a verdict for the defendant.

The answer of the defendant pled a general denial, sole negligence and willfulness on the part of Mrs. Nichols, and contributory negligence and willfulness on the part of the plaintiff. Subsequent to the defendant's answer, plaintiff, in consideration of the payment of $6,500.00, executed a covenant not to sue in favor of Mrs. Nichols, and the defendant moved to amend his answer by alleging, *inter alia,* the execution of the aforesaid covenant, which motion was granted over the opposition of the plaintiff. In the course of the trial evidence was adduced as to the execution of the covenant and the amount thereof. The jury was instructed that in the event it found for the plaintiff, it should find the total amount of damages to which she was entitled and then deduct therefrom the amount of the covenant.

The exceptions of the appellant are fourteen in number, raising the issues asserted as grounds for a new trial. We shall first deal with those exceptions which impute error in connection with the aforesaid covenant. Plaintiff contends that the court should not have allowed the defendant to amend his answer and set up the covenant as a defense. Additionally, she contends that the covenant was a matter for the court alone and that such should not have been submitted to the jury. Plaintiff concedes that the defendant was entitled to have the proceeds of the covenant credited on any judgment against him, and the entire argument concerns the manner in which the court should have gone about according such credit to the defendant.

While this question has not yet received the attention of this court, there is a rather complete annotation in 94 A. L. R. (2d), commencing at page 348,

dealing with the subject. A review of this annotation and authorities therein cited shows that the rule is almost universally followed that one tort feasor is entitled to credit for the amount paid by another tort feasor for a covenant not to sue. There is considerable conflict, however, as to the proper manner of allowing such credit, that is, whether the credit should be allowed by the jury in assessing the injured party's damages, or by the court. We are convinced from a study of these authorities that the sounder and preferable method, at least where there are no fact questions concerning the covenant for the determination of the jury, is for evidence thereabout to be excluded from the consideration of the jury, and for credit to be given by the court.

It does not follow, however, that there was error on the part of the trial judge in the instant case. While plaintiff now concedes that the defendant was entitled to credit for the amount paid for the covenant, the record does not disclose that she did so concede on the trial or at the time that defendant sought to amend his answer. If plaintiff wanted the matter handled by the court, rather than the jury, she should have offered to so stipulate and disclosed to the court all circumstances appertaining thereto. Instead, plaintiff sought to avoid the credit being given. Under the circumstances, there was no error on the part of the trial judge in allowing the amendment and submitting the issue to the jury. As pointed out by the trial judge, although styled an amended answer, the portion thereof setting up the covenant not to sue was actually a supplemental pleading and its allowance was governed by Sec. 10-610 of the Code which provides,

"The plaintiff and defendant, respectively, may be allowed on motion to make a supplemental complaint, answer or reply alleging facts material to the case occurring after the former complaint, answer or reply, or of which the party was ignorant when his former pleading was made * * *."

Plaintiff, as an employee of the American Red Cross, was entitled to Workmen's Compensation benefits. The order of

the trial judge reflects that on the back of the original complaint there appeared a statement, "that the action was brought by and with the consent of the Travelers Insurance Company to the extent of its interest as the Workmen's Compensation insurer of the plaintiff's employer pursuant to Code Sec. 72-124." The complete trial record is not before us, but apparently Workmen's Compensation was first brought to the attention of the jury when counsel for the defendant unsuccessfully sought to elicit evidence as to the amount of benefits drawn by the plaintiff. Thereafter, plaintiff sought to show that the proceeds of the covenant not to sue, in the amount of $6,500.00, were paid to the carrier and that plaintiff, of course, received no part thereof. This evidence was excluded on the basis of Code Sec. 72-127, which is applicable to a third party action such as this. Said section is as follows:

"The amount of compensation paid by the employer or the amount of compensation to which the injured employee or his dependents are entitled shall not be admissible as evidence in any action brought to recover damages."

The judge reasoned that to allow the excluded evidence would have shown that at least $6,500.00 in compensation benefits was paid, and, accordingly, such would have been in violation of the aforesaid section. While the language of the Code section is perfectly plain, this court has had no prior occasion to consider the intent and purpose thereof. The section, however, has been considered by the Fourth Circuit Court of Appeals, in the case of *Blue Ridge Rural Electric Cooperative v. Byrd,* 264 F. (2d) 689 (1959). In that case it was held that in a third party action the district judge correctly withheld from the jury the fact that the plaintiff had received any benefits under the Workmen's Compensation Law of South Carolina. We quote the following pertinent language from the opinion,

"We, too, think the record ought to show Bouligny to be a use-plaintiff, but we still think this interest is not now relevant to the jury issue. Therefore, the evidence should be

admitted before the trial judge only, without disclosure to the jury, unless controverted or unless some other basis for its admission develops in the trial, such as its pertinency to credibility of witnesses, or otherwise, as in *Sprinkle v. Davis*, 4 Cir., 111 F. (2d) 925, 931, 128 A. L. R. 1101. In the last event, the amount of the compensation must be kept from the jury, irrelevance or limited relevance of the compensation award to a present recovery should be explained to them, and the purpose of the evidence strictly confined in argument as well as sharply circumscribed in the charge. Cf. 1952 Code, § 72-127."

The Supreme Court of North Carolina has on more than one occasion had opportunity to consider the purpose and intent of the section of its Workmen's Compensation Law which is quite similar to our Code Section 72-127. In *Lovette v. Floyd*, 236 N. C. 663, 73 S. E. (2d) 886, it was held that the statute clearly contemplated that an action against a third party must be tried on its merits as an action in tort, and that any verdict of the jury adverse to the third party was to declare that full amount of damages suffered by the employee on account of his injury, notwithstanding any award or payment of compensation to him under the provision of the Workmen's Compensation Act. See also *Spivey v. Babcock & Wilcox Company,* 264 N. C. 387, 141 S. E. (2d) 808.

Section 72-124 authorizes the carrier to bring a third party action in the name of the employee, and we think that the primary purpose and intent of Sec. 72-127 was to prevent a third party, such as the defendant here, from injecting Workmen's Compensation into a case, and the amount of compensation involved, for the sole purpose of attempting to reduce the amount of any recovery.

We are in accord with the principles enunciated in the above quotation from the opinion in the *Blue Ridge case*. In apparent compliance with such, the statement relative to the compensation carrier was inserted on the back of the complaint for the purpose of showing to

the court that plaintiff was a use-plaintiff. Such fact could have well been made a matter of record otherwise, but had the defendant not injected the issue of Workmen's Compensation into the case, the trial judge could and should have deleted such statement before handing the complaint to the jury. The defendant, however, having brought the matter of Workmen's Compensation to the attention of the jury, we think that in fairness and to avoid any prejudice to the plaintiff, the trial judge should have allowed plaintiff to show that the compensation carrier, rather than plaintiff, received the proceeds of the covenant not to sue. We do not hold, however, that such failure on his part, standing alone, constituted reversible error.

The defendant was allowed, over objection by the plaintiff, to bring out from her on cross examination, that her salary in the amount of $400.00 per month had been paid to her by her employer for a period of eleven months during her period of disability. Such, we think, was clearly error on the part of the trial judge. While admittedly there is some authority for this ruling of the trial judge, the great weight of authority is to the contrary. There is a comprehensive annotation on the subject in 7 A. L. R. (3d) 518, and we quote from Sec. 1(a) thereof as follows,

"As a general rule, total or partial compensation for an injury which the injured party receives from a collateral source wholly independent of the wrongdoer does not operate to lessen the damages recoverable from the wrongdoer."

The rationale of the majority view, usually referred to as the "collateral source rule" is set forth in 22 Am. Jur. (2d) 286, Damages, Section 206, and also in 7 A. L. R. (3d) 522, Section 3(b), wherein it is explained that,

"The reason generally advanced in support of the general rule is that the wrongdoer can have no concern with the transaction between the employer and employee and there is no equitable ground to grant the tort feasor a 'wind-

fall' by allowing him a credit for payments, made by the employer."

While we apparently have had no prior occasion to consider or apply the collateral source rule with respect to wages or salary, we have, in effect, applied it in other situations. *Jeffords v. Florence County,* 165 S. C. 15, 162 S. E. 574, 575, 81 A. L. R. 313; *Joiner v. Fort,* 226 S. C. 249, 84 S. E. (2d) 719. In the fairly recent case of *Scott v. Southern Ry. Co.,* 231 S. C. 28, 97 S. E. (2d) 73, this court held,

"* * * there is no merit in the contention that the rental value of the car used was not a proper element of damages because it was furnished gratis by a party other than appellants."

It is urged, however, that the foregoing error was not prejudicial since the jury found for the defendant on the issue of liability. No case in point from this jurisdiction is cited in support of such contention. In 5A C. J. S. Appeal and Error § 1736, p. 1046, the general rule is stated as follows,

"Error in the admission of evidence as to the measure of damages is also harmless where the jury render a verdict or finding against plaintiff and for defendant on the main issue, unless such evidence prejudices the jury on such issue;"

Under this rule, the question becomes whether the evidence, erroneously admitted, prejudiced the jury on the issue of liability. At the time the evidence was admitted both the covenant not to sue and the existence of Workmen's Compensation had been brought to the attention of the jury. Thus, when the evidence was admitted, the jury knew that plaintiff was protected by Workmen's Compensation benefits and that, in addition, she had received $6,500.00 for the covenant not to sue and wages from her employer in the amount of $4,400.00, making a total of $10,900.00 which plaintiff had received in addition to Workmen's Compen-

sation benefits. As above mentioned, plaintiff was not allowed to show that the proceeds of the covenant went to the compensation carrier.

While the entire record is not before us, it appears ▮ that the issue of liability was a closely contested one. It is a matter of common knowledge that in closely contested cases, the verdict of the jury is not infrequently the result of a compromise of varying viewpoints. Under the circumstances of this case, it is not at all unlikely that some, if not all, of the jurors agreed to the verdict for the defendant upon reaching the conclusion that plaintiff had already been substantially compensated for her injuries. We cannot say with any reasonable certainty that the erroneous admission of this evidence did not, in fact, prejudice plaintiff's case. See: *Dillard v. Samuels,* 25 S. C. 318. As was held in *Entzminger v. Seigler,* 186 S. C. 194, 195 S. E. 244,

"In our opinion there is a reasonable probability that the jury was influenced by such extraneous matter to the prejudice of the plaintiff. Verdicts so gained should not be allowed to stand. The only remedy is a reversal of the judgment so that a fair trial can be had."

Since a new trial must be had, we deal with the remaining exceptions only to the extent necessary. The plaintiff was cross examined upon a written statement which she admittedly signed for a Mr. Moody, who was defendant's insurance adjuster, and the cross examination clearly tended to convey to the jury the impression that such statement was contradictory of the testimony which she was then giving. On re-direct examination, plaintiff sought to show Mr. Moody's connection with the case and the detailed circumstances surrounding the taking of the statement, including the fact that Mr. Moody was defendant's insurance adjuster. The plaintiff was allowed to show only that Mr. Moody was not representing her interests. Whether the statement, in fact, contained anything contradictory of plaintiff's testimony does not clearly appear, said statement not being in the record. It was offered by the defendant who contended

that it was definitely contradictory. Plaintiff objected to its admission, in the absence of being allowed to prove the identity of Mr. Moody, which objection was sustained.

Plaintiff concedes that evidence as to liability insurance is ordinarily not admissible, but urges that she should have been allowed to show what Mr. Moody's interest in the case was, and to offer any evidence of bias or prejudice on his part against her or in favor of the defendant. Reliance is had on an annotation in 4 A. L. R. (2d) 761, *et seq.,* wherein it is said, at page 775, Sec. 5,

"Notwithstanding the general rule * * * the suggestion of the possession of insurance will not be avoided at the cost of suppressing evidence material to the establishment of a cause of action and the liability of a defendant sued for damages, or to show the bias or prejudice of a witness." And, at page 782, Sec. 9,

"As a general rule, where a previously written statement is produced in court and used for the purpose of impeaching plaintiff or one of his witnesses, it is proper for plaintiff's counsel to show that the person procuring such statement was a representative of defendant's insurance company."

The reason for the foregoing general rule is stated in *Smith v. Pacific Truck Express,* 164 Or. 318, 100 P. (2d) 474, 479, as follows,

". . . (the statement taker), though he may never appear in the courtroom, is nevertheless, in a sense, vouching for the accuracy and authenticity of the document. He is, as it were, a mute witness, and the jury have the right to be informed of his interest in the case when weighing the testimony of the witness who attacks his handiwork."

The rationale of this rule appeals to us, but we are not unmindful that its universal application might give rise to abuse. It should certainly never be applied, we think, except under circumstances, where the reason for the rule exists, warranting its application. The instant case, we think, warranted its application. The jury

was clearly given the impression that the statement substantially contradicted plaintiff's testimony on material points. We think that His Honor should have allowed plaintiff to prove the full circumstances surrounding the taking of the statement, including the identity of the taker and his connection with the case. Being allowed to show only that the taker was not acting in the interest of the plaintiff did not fully inform the jury of the adversary interest of defendant's mute witness, Mr. Moody.

One exception of appellant alleges error in the admission of testimony of one Douglas as to statements made to him by an unidentified party some minutes after the accident. This evidence was admitted because the trial judge concluded it was part of the *res gestae*. We will not discuss this evidence in detail. Whether or not statements are admissible as part of the *res gestae* is a matter largely left to the discretion of the trial judge, and unless that discretion has been abused, or it is shown that he was clearly in error, his ruling will not be disturbed on appeal. See *Marks v. I. M. Pearlstine & Sons,* 203 S. C. 318, 26 S. E. (2d) 835, and cases therein cited. While the issue is a close one, we are not prepared to hold, in the light of the present record, that there was any abuse of discretion on the part of the trial judge in this particular. Neither his ruling nor the decision of this court, however, shall be binding upon the judge who next tries the case. The admissibility or inadmissibility of the evidence will be addressed to his sound discretion, in the light of applicable principles of law and the circumstances developed by the evidence on that trial.

Plaintiff's remaining exceptions impute error as to the charge of the trial judge and his refusal of certain requests to charge on the part of plaintiff : We limit our discussion of these exceptions to the disposition of those questions which may prove helpful on a new trial. Our failure to discuss any particular question should not be construed as evincing approval or disapproval of any facet of the charge not mentioned or discussed.

Plaintiff asserts there was prejudicial error in charging the jury as to the conduct of the other automobile operator, "when the issue for the jury to determine was the recklessness of the defendant." Plaintiff does not contend that there was any improper statement of the law by the trial judge, but that he simply should not have charged any law applicable to or governing the conduct of the operator of the automobile with which the defendant collided. There is no merit in this contention. The answer raised the defense of sole negligence and recklessness of another person, namely, Nichols. There was evidence of acts and omissions on the part of Nichols. Moreover, in the absence of anything which would reasonably put the defendant on notice to the contrary, he was entitled to presume that any vehicle ahead of him would be operated in compliance with law. While this presumption, of course, did not relieve the defendant from the duty to exercise due care, it is well settled in this state that in determining whether he did exercise such care, his conduct has to be judged in the light of such presumption.

In connection with the last stated proposition of law we should point out that defendant's request to charge No. 5, which was charged by the trial judge, is an incomplete statement of that legal proposition. The charge, we think, should not have been given in such incomplete form, although it was not objected to on that ground by plaintiff.

Since the case will have to be retried, we point out that there is, we think other error in His Honor's charge not, strictly speaking, properly reserved for review here. A matter of importance, we think, is his charge on contributory recklessness. Defendant's answer pled contributory "negligence and/or willfulness." Simple contributory negligence in this case, on the part of plaintiff would not be a bar to recovery by plaintiff since the liability of the defendant, if any, is predicated on the existence of either recklessness or willfulness. Such of the record as is

before us does not contain any evidence giving rise to a reasonable inference of recklessness or willfulness on the part of plaintiff, and unless there was other evidence reasonably giving rise to such inference, the defendant was not entitled to a charge on contributory recklessness. The record does not show, however, that plaintiff moved to strike such defense on the part of the defendant at the conclusion of the evidence, and, moreover, the plaintiff did not except to the main charge of the judge dealing with contributory negligence or recklessness. She did except, without assigning any reason or ground, to defendant's request to charge No. 3, dealing with the duty of due care on the part of the plaintiff, which request was charged, out of context, near the end of His Honor's charge. Assuming that there was evidence warranting a charge on contributory recklessness or willfulness, the vice in His Honor's charge was that it could well have led the jury to the conclusion that simple contributory negligence should bar a recovery by plaintiff.

Plaintiff alleges error in the refusal of His Honor to charge plaintiff's requests Nos. 11, 16 and 17. We need not now decide whether the principles set forth in these requests were covered in the general charge of the trial judge. Suffice it to say that on a retrial of the case at least the substance of these requests should be charged, unless already covered in the general charge of the judge, or, perchance, made inapplicable by evidence adduced on a new trial.

Finally, we point out that if the record before us clearly showed that plaintiff failed to prove a case of liability on the part of the defendant, we would be warranted in holding error on the part of the trial judge to be harmless and affirming the judgment, even though such issue was not raised as a sustaining ground or argued. Supreme Court Rule 4, Section 8. Such, however, is not the case. The complete trial transcript is not contained in the record, and properly so. The record before us contains evidence to the effect that the Nichols car, contrary to the

contention of the defendant, had lights on it at the time. We have repeatedly held, in cases controlled by the guest statute, that where there is any evidence introduced touching or supporting allegations as to defendant's failure to keep a proper lookout or have proper control, it is ordinarily a question for the jury whether such conduct constituted a reckless disregard of the rights of the passenger. *Shearer v. DeShon,* 240 S. C. 472, 126 S. E. (2d) 514; *Cummings v. Tweed,* 195 S. C. 173, 10 S. E. (2d) 322; *Spurlin v. Colprovia Products Co.,* 185 S. C. 449, 194 S. E. 332.

For the reasons hereinabove set forth, we conclude that there was error and a sufficient probability of prejudice to require a new trial. Upon such new trial, both the matter of Workmen's Compensation and the covenant not to sue should be withheld from the jury in the absence of any factual issue arising thereabout for its determination.

Reversed and remanded.

LEWIS and BRAILSFORD, JJ., concur.

Moss, C.J., dissents.

LITTLEJOHN, J., disqualified.

Moss, Chief Justice (dissenting) :

Finding myself not in accord with the opinion of Justice Bussey, I most respectfully dissent. In my view the appellant has failed to sustain her burden of showing that the errors complained of were prejudicial to her.

Sallie Turner Powers, the appellant herein, was a guest passenger in the automobile of Harry R. Temple, the respondent herein. The appellant instituted this action to recover damages for personal injuries alleged to have been proximately caused by the reckless, willful, wanton and grossly negligent acts of the respondent. The liability is governed by the guest statute, Section 46-801 of the Code. Under such statute a guest cannot recover against the owner and operator of an automobile for simple negligence but liability is restricted to those cases where the injury

has resulted from either intentional or reckless misconduct of the owner or operator of the motor vehicle. *Elrod v. All,* 243 S. C. 425, 134 S. E. (2d) 410.

It appears from the record that the appellant sustained personal injuries on November 29, 1961, while she was riding as a guest in an automobile owned and operated by the respondent which collided with the rear end of a vehicle being driven by Mrs. Mazzie Nichols on U. S. Highway No. 76, some twenty miles east of the City of Columbia. The answer of the respondent contained a general denial, sole negligence and willfulness on the part of Mrs. Nichols, and contributory willfulness on the part of the appellant.

This case came on for trial in the lower court before the Honorable C. Bruce Littlejohn, Presiding Judge, and a jury, and resulted in a verdict for the respondent. Thereafter, the appellant, on numerous grounds, made a motion for a new trial and from the order of the trial judge denying such motion, this appeal is prosecuted.

During the course of the trial testimony was admitted showing that the appellant had entered into a covenant not to sue with Mrs. Mazzie Nichols and had received $6,500.00 for the covenant. Testimony was allowed over the objection of the appellant that she had received her salary in the amount of $400.00 per month from her employer for a period of eleven months, during her period of disability as a result of her injuries. The record also shows that the appellant was covered by workmen's compensation and it is inferable that she had received certain benefits under the act.

Justice Bussey has concluded that there was no error in allowing testimony as to the covenant not to sue and the amount received thereunder by the appellant. He also holds that the fact of workmen's compensation having been brought to the attention of the jury, that in fairness and to avoid any prejudice to the appellant, that the trial judge should have allowed the appellant to show that the com-

pensation carrier rather than the appellant received the proceeds of the covenant not to sue. He states, however, that such failure on the part of the trial judge, standing alone, did not constitute reversable error. He does hold that allowing the respondent, over the objection of the appellant, to show that her salary in the total amount of $4,400.00 paid to her during her eleven months period of disability was clearly error on the part of the trial judge. He concludes that since the jury knew that the appellant was protected by workmen's compensation benefits and in addition thereto she had received $6,500.00 for the covenant not to sue and wages from her employer in the amount of $4,400.00, making a total of $10,900.00, received in addition to workmen's compensation benefits, there was a reasonable probability that the jury was influenced by such extraneous matter and agreed to a verdict for the respondent upon the ground that the appellant had already been substantially compensated for her injuries. He relies upon the authority of *Entzminger v. Seigler,* 186 S. C. 194, 195 S. E. 244.

To justify a reversal because of improper admission of evidence, the appellant must show not only error in the admission of such evidence but also that she was prejudiced or that the verdict of the jury was probably influenced thereby. *Gaskins v. Firemen's Ins. Co.,* 206 S. C. 213, 33 S. E. (2d) 498. This Court should not order a new trial where, from an examination of the record, it has no doubt the verdict of any fair jury would have been the same, even if no error had been committed. In such a case the error should be regarded as harmless and not prejudicial. *Dennis v. Columbia Electric Street Railway,* 93 S. C. 295, 76 S. E. 711. It is my opinion that the appellant could not have been prejudiced by the admission of the evidence heretofore referred to however erroneous it may have been. Considering the evidence in this case on the question of liability, the respondent was entitled to the direction of a verdict in his favor had proper and timely motion therefor been made.

The alleged error in the admission of testimony related solely to the measure or quantum of damages. It is my

opinion that the only logical conclusion from the evidence in the record is that the appellant has failed to show any legal liability on the part of the respondent to her and, hence, the question of damages becomes immaterial and the admission of any erroneous evidence thereabout could not affect this question.

I now refer to the testimony in the record which, in my opinion, fails to establish any reckless misconduct of the respondent in the operation of the motor vehicle in which the appellant was riding as a passenger. The record shows that at the place where the collision occurred the maximum speed limit was sixty miles per hour. There was no testimony that the respondent was exceeding this speed limit and the appellant admitted that he was driving in a normally safe manner and there was not a thing unusual about the way he was driving. As a matter of fact, the appellant testified that she and the respondent were on their way to Columbia for a meeting scheduled for 7:30 P.M. and it was approximately 6:30 P.M. when the collision occurred and she said: "We had plenty of time to get to Columbia cause there was a sign that said 22 miles to Columbia." She further testified that she had not complained in any fashion about the way the respondent was driving. She admits that the lights were on the respondent's car at the time of the accident because it was dark, but whether such lights were on dim or bright she did not know. She further testified that she did not know whether the automobile with which the respondent collided had any lights on it or not, even though she saw it just before it was struck.

The highway patrolman, who investigated this collision, testified that at the scene of the accident he found the Chevrolet automobile driven by Mrs. Mazzie Nichols, and the Corvair automobile driven by the respondent, on the unpaved right shoulder of the road, both headed in the direction of Columbia and about 25 to 30 feet apart. This officer testified that he found skid marks leading up to respondent's vehicle and estimated such to be about the length

of the Corvair automobile which he estimated to be "maybe 14 feet." This officer testified that Mrs. Nichols admitted to him that she was traveling at a speed of between 30 and 35 miles an hour. He testified that the minimum speed at the point was 40 miles an hour.

The foregoing is all of the testimony in the record given in behalf of the appellant, bearing on the issue of the liability of the respondent. Such falls short of showing any reckless misconduct on the part of the respondent.

The record shows that the collision with which we are concerned took place about one-fourth of a mile from the Coronet Motel. One Douglas, the manager of the motel, a witness for the respondent, testified that a man in a very excited state, who identified himself as a minister, came into his office and asked that an ambulance and the patrol be called. Douglas testified that this unidentified minister told him that he was coming towards Columbia and that he almost ran into the Nichols car, that he swerved and just missed it, and that he looked into his rear-view mirror and saw the car that had been following him strike the car that he had almost hit himself. I am in agreement with Justice Bussey that the foregoing testimony was admissible as a part of the *res gestae*.

The respondent testified that he and the appellant at the time of the collision were on their way to Columbia to attend a regional meeting of the Red Cross, and near the intersection of Highways 76 and 601, a distance of some 22 miles from Columbia, while he was traveling at a speed of less than 60 miles per hour, was in collision with the Nichols automobile. He testified that he did not see any lights on the Nichols car and that it just loomed up out of the darkness only a matter of feet in front of him. He said he had no warning of its presence. He immediately applied his brakes and swerved to miss the Nichols car but was unable to do so.

After reviewing all of the evidence in the record I conclude therefrom that the respondent was not guilty of

reckless misconduct in the operation of his automobile. Hence, there is no liability of the respondent to the appellant under the guest statute. Since I have concluded that there is no evidence of reckless misconduct on the part of the respondent, the appellant cannot recover in any event, and no other error is prejudicial.

I would affirm the order of the trial judge refusing a new trial in this case.